the President delivered the opinion of the court as follows :
 

 Shippen, President.
 

 In England, there are two kinds of replevin ;
 
 first,
 
 by common law, when the writ issues out of the court of chancery :
 
 secondly,
 
 by the statute of Marlbridge, which enables the sheriff to make re-plevins, without writ, and then, having taken security, he proceeds on the complaint of the plaintiff, either by parol, or precept to Ms bailiff. In the latter case, the writ
 
 de proprietate probanda
 
 issues at once, upon claim of property ; and being tried by an inquest, if it is found for the plaintiff, the sheriff goes on to make the replevin ; but, if for the defendant, be forbears. This summary proceeding, with regard to the writ
 
 de proprietate
 
 probanda, is confined, however, to the case of a plaint in the sheriff’s court, under the statute ; for when replevins are at common law, no writ
 
 de proprietate probanda
 
 issues, until after the return of the sheriff on a
 
 pluries
 
 replevin ; the original writ, or the
 
 alias,
 
 being only directory to the sheriff to make re-plevin, and proceed in the county court, and are not returnable process, as the
 
 phtries
 
 is, by having in it the clause of “
 
 vel nobis causam
 
 significes.” If, therefore, the
 
 pluries
 
 is returned into the king’s bench or common pleas, with a claim of property by the defendant, a judicial writ,
 
 de proprietate probanda,
 
 may issue, returnable into either of those courts. But on this writ, if the sheriff’s inquest find property in the defendant, the plaintiff is not concluded, being only in inquest of office ; and he may either bring a new replevin, or an action of trespass against the sheriff, in which the question of property shall be finally tried. But when the parties have appeared
 
 in banc,
 
 and the defendant claims
 
 property
 
 on plea, no writ
 
 de proprietate probanda
 
 can issue at all, but the claim must be tried in court.
 

 Having thus stated the law in England, we must now inquire, on what footing replevins are in Pennsylvania, and under what law they issue.
 

 It is clear, that in this state there cau be no replevin under the statute of Marlbridge, since there is here no such county court to enter plaint, as in England, nor any sheriff empowered by bis own authority to make replevin ; and, consequently, there can be no summary proceeding, as to the writ
 
 de proprietate probanda.
 
 With respect to writs of replevin at common law, these, likewise, cannot be issued in Pennsylvania, for want of a court of chancery, from which they might issue as an
 
 original
 
 writ. Hence, it was nec
 
 *162
 
 essary to make a law for ourselves, and this was accordingly done, in the year 1705, by an act of assembly, which directs, that “it shall be law*lñ^1 ful *for the justices of each county, to grant writs of replevin in all *157] cases whatsoever, where replevins may be granted by the laws of England, taking security as the said law directs, and make them returnable to the respective courts of common pleas, in the proper county,
 
 there
 
 to be determined according to law.” (1 Sm. Laws, 44.)
 

 This act seems then to have made a very considerable alteration in the proceedings in replevin: for, 1st. It does not recognise two kinds of replevin, one by plaint, and the other by writ. 2d. Replevins are made always returnable writs, and the parties’ appearance required on the return : and Sd. They are directed to be
 
 there
 
 determined, that is, in the court of common pleas. As the proceedings are different, so has been the practice under the law ; and in writs of replevin here (as in other cases), a summons to the defendant to appear, is always inserted, and a precise day given for his appearance. Nor is the writ liable to be defeated, by a claim of property, as it is in England ; where that claim, as I have already observed, puts an end to the suit on the replevin, so that, if it is afterwards revived, it must be by the writ
 
 de proprietors probanda.
 
 But in Pennsylvania, the practice on a claim of property has been agreeable to the act of assembly ; the suit goes on, and although the claim prevents the delivery of the goods to the plaintiff in replevin, yet, the defendant gives security to deliver them, if, on trial, the property shall not be found in him.
 
 (a)
 
 This practice, therefore, clearly supposes that the trial of property was intended, by the act of assembly, to be in the court of common pleás, and not elsewhere.
 

 No writs
 
 de proprietate probanda
 
 have hitherto issued in this state. The summary writ, under the statute of Marlbridge, seems indeed to be the only one, which can, in most cases, be of real use, by the immediate intervention of an inquest to decide the claim of property ; but, for the reasons before assigned, that cannot issue here. The
 
 judicial
 
 writ too, if it could issue agreeable to our act of assembly, would rather occasion delay, than expedite the cause, and could, in very few instances, answer the ends expected from it.
 
 For, first,
 
 it cannot issue until after the return of
 
 thepluries
 
 writ of replevin, when the time would, perhaps, be elapsed, in which it would be of most importance to determine the question of property : and secondly, if it should issue and be executed, it would not be final, in case the property
 
 *163
 
 should be found for the defendant, being only an inquest of office, and the plaintiff still entitled to a new replevin, or an action of trespass against the sheriff.
 

 In England, most cases of replevin are founded on previous distresses for rent; and it is even said in some books, that it lies in no other. But here, it issues, wherever a plaintiff claims goods in the possession of another ;
 
 (a)
 
 and accordingly, things of great value, as ships, are frequently replevied. If, therefore, a hasty change of possession should take place by a sheriff’s inquest, it might be attended with great mischiefs ; and vessels loaded, and ready to sail, might be ordered out of the jmssession of those who have long held them, although able and willing to give security to the value.
 

 *On the whole, after the present practice on replevins has been of -.¡, so many years standing, and seems founded on a law of our own, we [*158 think, it would be improper to make such an alteration, as would be occasioned by issuing judicial writs
 
 de proprietate probanda.
 

 The rule discharged.
 

 (a)
 

 In Hocker v. Strieker,
 
 post, p.
 
 225, it was
 
 ruled,
 
 that the sheriff ought to allow a reasonable time for the defendant to find security, and if he refused to give time, he could not justify in an action of trespass. The bail given by the defendant, it has been held (Miller
 
 v.
 
 Foutz, 2 Yeates 418), are liable to the full amount of the
 
 penalty
 
 of their bond, which is generally in double the value of the goods. On the issue under the plea of property, the defendant may show either a general or special property in himself. Murray
 
 v.
 
 Paisley, 1 Yeates 197. And the jury, if they find for the plaintiff, may assess damages for the detention, beyond the value of the property. Warner
 
 v.
 
 Aughenbaugh, 15 S & R. 1.
 
 [1]
 

 [1]
 

 The giving of a property bond changes the title, and turns the plaintiff’s right into a chose in action. Fisher
 
 v.
 
 Whoollery, 25 Penn. St. 197; Rockey
 
 v.
 
 Burkhalter, 68 Id. 221. Therefore, a clause providing for a return of the goods, if adjudged by law, is illegal; the judgment is only for damages and costs. Chaffee
 
 v.
 
 Sangston, 10 Watts 265; Moore
 
 v.
 
 Shenk, 3 Penn St. 13; Fisher
 
 v.
 
 Whoollery,
 
 ut supra.
 

 (a)
 

 s. p. Shearick
 
 v.
 
 Huber, 6 Binn. 3; Stoughton v. Rappalo, 3 S. & R. 562. Woods v. Nixon, Addis. 134. The rule is not universal, however, in its application ; since the act of 1779 (1 Sm. Laws, 470) declares all writs of replevin issued for goods taken in execution by any sheriff, constable, collector of taxes, or other officer acting under the authority of the state, to be irregular and void; which has been held to extend to a replevin for goods seized for a tax imposed by the city of Philadelphia. Stiles
 
 v.
 
 Griffith, 3 Yeates 82.
 
 [1]
 
 But, notwithstanding this act, replevin may be maintained against the sheriff’s vendee, to recover chattels wrongfully taken in execution and sold. Shearick
 
 v.
 
 Huber, 6 Binn. 3. It has been held also, that replevin cannot be maintained for slate .or coals taken from a quarry, where the plaintiff is not in the actual exclusive possession of the land. Brown v. Caldwell, 10 S. & R. 114.
 
 [2]
 

 [1]
 

 And see Pott
 
 v.
 
 Oldwine, 7 Watts 173; Green
 
 v.
 
 Kenney, 6 W. N. C. 674.
 

 [2]
 

 s. p. Powell
 
 v.
 
 Smith, 2 Watts 126; Cromelien
 
 v.
 
 Brink, 20 Penn. St. 522; Roberts v. Dauphin Deposit Bank, 19 Id. 71. But see Snyder
 
 v.
 
 Vaux, 2 Rawle 423; Coomalt
 
 v.
 
 Stanley, 3 Clark 389; Young
 
 v.
 
 Herdic, 55 Penn. St. 172; Green
 
 v.
 
 Ashland Iron Co., 62 Id. 97; Wilkinson
 
 v.
 
 Stewart, 85 Id. 255.