ALBANY,
January 1817.

OVERSEERS OF
WALLKILL
v.
OVERSEERS OF
MAMAKATING.

————❖————

## The Overseers of the Poor of WALLKILL *against* The Overseers of the Poor of MAMAKATING.

ON appeal from the order of the court of general sessions of the peace of *Orange* county. Two justices had given an order to remove *Bainsley Stevens*, a pauper, and his family, from the town of *Wallkill*, to the town of *Mamakating*. The pauper, in the year 1810 and 1811, resided in *Mamakating*, and was assessed in that town, in 1810, for a tax, to ten cents, which he paid; and in 1811, he was assessed a tax of 48 cents, in the same town, which the collector paid for him, but without

To gain a settlement in a town, by residing there, and being charged with, and paying taxes in such town, for two years, it must appear that the taxes have been actually paid by the pauper, or by another, at his request. It is not enough that the person has paid a tax one year, and payment by the tax.

that the collector has paid his tax the next year, without his request or authority. Such collector, being *voluntary*, would give him no right of action against the person charged with the tax.

ALBANY,
January, 1817.

OVERSEI'RS OF
WALLKILL
v.
OVERSEERS OF
MAMAKATING.
the request of the pauper, who then had property sufficient to pay the tax. He afterwards removed to *Wallkill*, and there became chargeable to the town. The justices, in their order, adjudged that his last place of settlement was in *Mamakating*. It was not pretended that he had acquired a settlement there, in any other way, than by being assessed, and paying the tax above mentioned. On an appeal from the order of removal to the court of general sessions, that court, in *May* term, 1816, reversed the order of removal given by the justices.

The case was submitted to this court without argument; and the only question was, whether, by such a payment of taxes, the pauper had acquired a settlement in *Mamakating*.

*Per Curiam.* This is an application to reverse the order of the court of sessions, in *Orange*, by which they reversed the order of two justices, removing certain paupers from *Wallkill* to *Mamakating*. The question is, whether the pauper had gained any settlement in *Mamakating*, by the payment of taxes. In 1810, he was taxed and paid 10 cents. In 1811 he was assessed 48 cents, but did not pay it : the collector, however, paid it for him, but without his request. A settlement, by payment of taxes, is gained by being *charged with, and paying*, such taxes, for the space of two years. (1 *N. R. L.* 279.) There was, in this case, a payment of taxes for one year only. The payment by the collector was not at the request of the pauper, nor under circumstances that would have enabled the collector to maintain an action. It was a mere voluntary payment. If the pauper had property out of which the collector could have raised the tax, he should have resorted to it. It does not appear that the collector ever applied to him for the tax, and it never can be permitted to a collector, voluntarily to pay another man's tax, without ever calling upon him for it, and then turn about and sue him.(a) And, unless the pauper could have been made liable to the collector, he could not be said to have paid it. The order of the court of sessions must, therefore, be affirmed.

Order of sessions affirmed.

(a) Vide, *Beach* v. *Vandenburgh*, (10 *Johns. Rep.* 361.) *Jones* v. *Wilson*, (3 *Johns. Rep.* 434 ) *Menderback* v. *Hopkins*, (8 *Johns. Rep.* 436.),