ANDREW WISE, PLAINTIFF IN ERROR, v. CHARLES H. FREY, DEFENDANT IN ERROR.

1. **Partnership Property:** EXEMPTION FROM EXECUTION. CONSTRUCTION OF STATUTE. Section 521, of the code of civil procedure, which provides that: "All heads of families who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property," applies only to individual debtors, and exempts only individual property.

2. ———: ———: ———. The property of a partnership is not exempt from execution for the satisfaction of a judgment against the partnership. And where, upon the levy of such an execution upon the goods of a firm, its members undertook to divide them in severalty between themselves with the view of enabling each one to claim and hold his share exempt: *Held*, that by the levy a valid lien was acquired which it is not in the power of the firm, either by sale, or a division between its members, to destroy or prejudice.

ERROR to the district court for Cuming county.

*R. F. Stevenson*, for plaintiff in error, cited *Stewart v. Brown*, 37 N. Y., 350. *Howard v. Janes*, 50 Ala., 67. *Newton v. Howe*, 29 Wis., 536. *Gilmans v. Williams*, 7 Wis., 329. *Servanti v. Lusk*, 43 Cal., 238. *Brown v. Harris*, 67 North Carolina, 140. *Radcliff v. Wood*, 25 Barb., 52.    Freeman on Executions, 342. *Carpenter v. Harrington*, 25 Wendell, 370. *Ford v. Johnson*, 34 Barb., 365. *Robinson v. Wiley*, 15 N. Y., 494.

*Crawford & McLaughlin*, for defendant in error, cited *Sutcliffe v. Dohrman*, 18 Ohio, 181. *Gaylord, Son & Co. v. Imhoff & Co.*, 26 Ohio State, 317. *Tills' Case*, 3 Neb., 261.   Central Law Journal, vol. 4, p. 527. Id., vol. 5, pp. 364, 390.

LAKE, J.

This was an action in replevin to recover the possession of certain personal property which the defendant, as sheriff, had taken under several executions issued against the property of a partnership, of which the plaintiff was then a member.  The question presented is as to the sufficiency of the petition to show a good cause of action.

The petition shows the existence of the partnership, the recovery of the several judgments, and the levy of the executions upon the property in question.   It further appears that after the goods were seized by the sheriff the members of the firm conceived the idea of making a division of the partnership effects between themselves, evidently in order to enable such of them to claim and hold his share, or at least a portion thereof, as exempt from forced sale, under Sec. 521 of the code of civil procedure, which provides that:   " All heads of families who have neither lands, town lots, or houses

subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property."

Under a statute of Ohio, very similar to our own, the supreme court of that state, in a very well considered case, held that there was nothing in it to justify the inference that the legislature, in passing it, intended to provide for any other than individual debtors, and for the exemption of individual property from sale on execution. *Gaylord, Son & Co. v. Imhoff & Co.*, 26 Ohio State, 317. It is clear, therefore, that as this property at the time of its seizure belonged to the partnership, it was not exempt from judicial sale, and was rightfully taken by the sheriff to satisfy the executions which he held.

If the judgments on which these executions were issued had been against the plaintiff in his individual capacity a very different question would be presented. Where such is the case it seems to be pretty generally held, under statutes like ours, that the defendant in exetion may claim his exemption out of his share of the partnership effects. *Servanti v. Lusk*, 43 Cal., 238. *Newton v. Howe & Drury*, 9 Am. Rep., 616, and cases cited.

We think that by this levy the execution creditors acquired a valid lien upon the property taken for the satisfaction of their respective judgments, which it was not in the power of the firm either by sale, or by a division between its members to destroy, or in any degree prejudice.

We are of the opinion, therefore, that the demurrer to the petition was properly sustained, and that the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.