FRANCIS MOORE AND JOHN A. EATHERLY, PLAINTIFFS IN ERROR, v. GEORGE L. KEPNER, DEFENDANT IN ERROR.

1. **Replevin**: ANSWER. In an action of replevin, the defendant answered " that he does not unlawfully detain the said goods and chattels of the said plaintiff," etc. *Held*, that the answer put in issue the plaintiff's right of property and right of possession.

2. ——: ——: Under the code, the gist of the action is the unlawful detention of the property.

3. **Surety on Replevin Bond.** As a rule sureties upon bonds and contracts are entitled to notice of the pendency of an action upon such obligations, and they will not be concluded by the judgment unless they have had an opportunity to defend; but this rule has no application where a surety has signed an undertaking for one of the parties in an action of replevin. In such case by becoming surety he submits to the jurisdiction of the court and is concluded by the judgment.

4. ——: JUDGMENT. In replevin where judgment is rendered in favor of the defendant, ordinarily he is entitled to damages for the decrease in value of the property, with interest on its entire value. If the property cannot be returned the defendant is entitled to the value of the property at the time the same was taken, with interest thereon to the time of trial.

ERROR to the district court of York county. Tried

before Post, J.  The facts of the case appear in the opinion.

*Lowley & Leese* and *Edward Bates*, for plaintiffs in error.

1.  The plea of *non detinet* admits the right of property in the plaintiff, and only puts in issue the detention by the defendant.  *Ingalls v. Bulkley*, 15 Ill., 224.  *Wells v. McClenning*, 23 Ill., 358.  *Homan v. Laboo*, 1 Neb., 204.  *Bourk v. Riggs*, 38 Ill., 320.  *Chandler v. Lincoln*, 52 Ill., 74.  1 Chitty Pleadings, 488, 499.

2.  The court erred in rendering judgment against Francis Moore as principal, and John A. Eatherly as surety, and awarding execution on the same, when the said John A. Eatherly has not had his day in court.  No man shall be condemned unheard.  Powell Appellate Proceedings, 106, sec. 9.  Gen. Stat., 555, sec. 196.  Id., 668, sec. 906.  Freeman on Judgments, 125, sec. 126, note.  Broom's Legal Maxims, 112.

3.  The judgment is erroneous.  The damages are assessed at $50 and a return of the property.  The jury find the value of the property to be $125; that is the highest estimate shown by the testimony.  Now in case a return cannot be had, the judgment is for $125, the value of the property, and $50 damages for the detention, &c., making in all $175.  Where the measure of damage in an action of trover would be the value of the property, to-wit: $125 and interest.  Sedgwick on Damages, 625, note 1.  Sedgwick on Damages, 624, note 1.  *Jennings v. Johnson*, 17 Ohio, 154.  *Garrett v. Wood*, 3 Kan., 231.  *Hull v. Jenness*, 6 Kan., 365.

*George B. France and W. T. Scott*, for defendant in error.

1.  The defendant pleaded the general issue and

alleged "that he did not wrongfully detain the said goods and chattels from the said plaintiff." And this plea raises all the questions that can arise in an action of replevin, and property in the defendant can be given in evidence under this plea. *Oaks v. Wyatt*, 10 Ohio, 344. *Ferrell v. Humphrey*, 12 Ohio, 112. 2 Nash's Pleading and Practice, 834. *Walpole v. Smith*, 4 Blackf., 304. *Wilson v. Fuller*, 9 Kas., 176. *Snook v. Davis*, 6 Mich., 156. *Craig v. Grant*, 6 Mich., 447. *Jansen v. Effey*, 10 Iowa, 227, 231. *Ford v. Ford*, 3 Wis., 399. *School District v. Shoemaker*, 5 Neb., 36.

2. A party who signs the undertaking provided for in section 1007 of the Code, as surety for the appellant in appeal, thereby becomes a party to the suit then pending, and is liable to have judgment entered against him with his principal, upon failure of his principal to sustain his cause, and sec. 37, Gen. Stat., 257, is not unconstitutional on the ground that it deprives the surety of his day in court. *Gildersleeve v. The People*, 10 Barb., 35. *Pratt v. Donovan*, 10 Wis., 378. *Lewis v. Garrett*, 5 How. (Miss.), 434.

MAXWELL, J.

The plaintiff, Moore, brought an action of replevin against the defendant in the county court of York county for the recovery of a yoke of oxen. On appeal to the district court the defendant filed the following answer to the petition:

"And the said George L. Kepner, defendant, now comes and for answer to the petition of the said plaintiff says that he does not unlawfully detain the said goods and chattels of the said plaintiff, and of this he puts himself upon the country."

The court held that the answer put in issue the palintiff's right of property and right of possession. This is assigned for error.

The action of replevin originally lay for the recovery of chattels taken by distress. To maintain the action there must have been an unlawful taking. 1 Dall., 157. 2 Bouvier's L. Dict., 441. *Mellor v. Leather*, 18 Eng. Law and Equity, 239. *Pangburn v. Patridge*, 7 Johns., 140. *Thompson v. Button*, 14 Johns., 87. *Ilesley v. Stubbs*, 5 Mass., 283. *Weaver v. Lawrence*, 1 Dall., 157. *Stoughton v. Rappalo*, 3 Sergt. and Rawle, 562. *Galvin v. Bacon*, 11 Maine, 28. *Sayward v. Warren*, 27 Id., 453. *Daggett v. Robins*, 2 Blackf., 415.

But under the code of civil procedure, the gist of the action is the unlawful detention of the property. *Haggard v. Wallen*, 6 Neb., 271. *School District v. Shoemaker*, 5 Id., 38. *Ferrell v. Humphrey*, 12 Ohio, 113.

An answer, therefore, which denies the unlawful detention of the property, puts in issue the plaintiff's right to the property and right of possession of the same.

Objection is made that judgment was rendered against Eatherly as surety, without notice. As a rule, sureties upon bonds and contracts are entitled to notice of the pendency of an action upon such obligations, and they will not be concluded by the judgment unless they have had an opportunity to defend. But this rule has no application where the surety has contracted in reference to one of the parties to an action in court in the nature of the one at the bar. In such case, by becoming surety, he submits to the jurisdiction of the court, and is concluded by the judgment. The court therefore did not err in rendering judgment against the surety.

Objection is made that the damages are assessed at $50 and a return of the property, and that the value of the property was found to be $125.

Section 191 of the code provides that: "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon the issue joined for the

defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor they shall assess such damages as they think right and proper for the defendant."

Section 7 of the act approved February 26, 1873, provides that "the judgment in the cases mentioned in sections 190, 191 and 1041 of the code shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit." Gen. Stat., 713. Where judgment is rendered in favor of the defendant, ordinarily he is entitled to damages for the decrease in value of the property since the time of the replevin, with interest on its entire value. If the property cannot be returned, the defendant is entitled to the value of the property at the time the same was taken with interest thereon to the time of trial.

The verdict is sufficient to sustain a judgment in favor of the defendant, although somewhat informal. The judgment, however, does not conform to the verdict, and is therefore set aside. But as justice appears to have been done in the premises, judgment will be rendered in this court in favor of the defendant for a return of the property and fifty dollars damages, or in case a return cannot be had, that the defendant recover from the plaintiff the sum of $125, together with the interest thereon; and that the defendant recover costs.

JUDGMENT ACCORDINGLY.