JONAS HEDMAN, ET AL., PLAINTIFFS IN ERROR, V. LA FAYETTE ANDERSON, DEFENDANT IN ERROR.

**Evidence.** A paper writing, by which a county treasurer sought to appoint I. W. E. a special deputy treasurer to collect certain taxes by distress due to Platte county, Nebraska, from the personal property of the estate of L. W. P., deceased, when offered in evidence to justify such taking in an action of replevin, was properly rejected.

ERROR from the district court of Platte county. The facts appear in the opinion.

*Millett & Son,* for plaintiff in error.

1. The objection of defendant as to the regularity of the appointment of Early as deputy treasurer of plaintiff Kummer, and that the decease of Platt made the distress after his death for taxes delinquent in his life-time void, have been settled by the judgment of this court in this case. *Hedman v. Anderson,* 6 Neb., 392. Those questions were then in the record of this case, and are now *res adjudicata. Headley v. Chaliss,* 15 Kan., 602, and cases cited in the opinion on page 606. *Washington Bridge Co. v. Stewart,* 3 Howard, 413. Wells res adjudicata and stare decisis, pp. 569–570.

2. The defendant in error is not in a position to question the legality of the appointment of Early as deputy treasurer and the validity of the distress for the non-payment of these taxes. Such questions could only be raised by Platt, or his legal representatives, in a direct proceeding other than an action in replevin. Gen. Stat., 1873, p. 552, sec. 182. How is it possible that the defendant can attack the appointment of this officer, and the validity of this distress against Platt collaterally, when it would be impossible for Platt or his representatives to raise those questions if he or they had instituted a like action under our statute? *Wilson v. Macklin*, 7 Neb., 50. A suit in replevin raises no question as to the validity of process. *Westenberger v. Wheaton*, 8 Kan., 169. As to the parties who can attack the validity of process—Freeman on Executions, sections 75 and 339. *People v. Albany*, 7 Wend., 485. 2 Abbott, U. S. Cir. Rep., 100.

3. The right to distrain personal property for the non-payment of taxes assessed against and due and delinquent from a party in his life-time does not abate by reason of the death of the delinquent tax-payer. Gen. Stat., 1893, p. 916, sec. 49. There is no provision in this statute, express or implied, making any such exception. The treasurer had ample authority under sections 37, 49, and 52 of said chapter to make such distress. The warrant of the commissioners for these taxes, levied 1873–4–5, was duly attached to the duplicate tax lists as required by section 37.

4. Grant that these taxes for those years had the force and effect of judgments against Platt in his life-time, still, under sections 37 and 49 of the revenue law, there was a continuing authority for the treasurer to collect them, and such authority could only cease on payment. A levy made after the death of the judgment debtor, under an execution issuing in his life-

time is, at most, voidable in a direct proceeding only, such as a motion to quash. Freeman on Executions, sec. 37. *Mariner v. Coon*, 16 Wis., 466. *Jones v. Davis*, 24 Wis., 229.

The defendant chiefly relies upon the case of *Wilson v. Shearer*, 9 Met., 504. That was an action of trover by the administrator of the party on whom the tax was assessed against the collector. The court held that the defendant was liable under a local statute, providing two remedies in case of the death of any person taxed, viz: 1st. By action in the name of the collector. 2d. By payment out of the estate of the deceased party.

There being no such statutory provisions in this state, the plaintiffs contend that that case does not apply to the one at bar.

*E. Wakeley*, for defendant in error.

It is self-evident that when a man dies he ceases to have title to property. He may indeed have so borne himself that, on his death bed, he can

> " Read his title clear
> To mansions in the skies,"

but title to his lands, his goods, his possessions, goes to his heirs, his devisees, his legatees, his executors or his administrators. In this case such title as Platt had to the property in controversy, whether an absolute ownership or an equity of redemption, went to his executors. Whether it vested in them only from the date of their appointment, or by relation from Platt's death (Williams Ex., part second, book 1st, p. 629) is immaterial, because the property was seized some time after their appointment and qualification, and entering upon their trust. Keeping the mortgage out of view for the present, could the property be lawfully then seized

for taxes due from Platt when he died? Leaving out of question subsisting liens I submit, as a proposition without exception, that property, or interests in property, going into the hands of an administrator or executor, cannot be subjected to debts or liabilities of the deceased by legal process, or compulsory measures, without express legal provision therefor. There is no sanction in our law for levy and sale of personal property for taxes after the death of the owner. Gen. Stat., 325. See also *Jewett v. Smith*, 12 Mass., 309. *Wilson v. Shearer*, 9 Met., 504. Distress for taxes is a special statutory proceeding. It was not known at common law. It is a harsh, summary, and stringent remedy, and cannot be enforced beyond its terms even against the living. Much less can it reach by implication to the dead. From its nature it must be either valid, or wholly void, when it has its inception and whole operation after the death of the defendant.

Cobb, J.

Lester W. Platt being the owner of a considerable amount of personal property, shortly before his death mortgaged it to LaFayette Anderson to secure two thousand dollars, which he had borrowed from Anderson about a year before, and for which he had at the time given him his note without security. Platt at the same time made a will in which the said Anderson was named as one of his executors. He soon afterwards died. At the time of his death, Platt was owing the county several hundred dollars for delinquent taxes. Anderson took possession of the estate of Platt, personal as well as real, presumably as executor, but although he proceeded to prove up his claim of two thousand dollars and interest against the estate, he advertised the personal property for sale under the

chattel mortgage. About this time the county treas-
urer appointed a special deputy to collect the taxes
which Platt owed the county at the time of his death.
Thereupon said deputy seized certain horses, mules,
and ponies for the said taxes, and placed them in the
hands of Jonas Hedman (who lived convenient to the
Platt farm), for safe keeping, pending their advertise-
ment and sale for the said taxes, and thereupon Ander-
son brought this suit and replevied the said property.
Upon his own motion and application, Vincent Kum-
mer, the county treasurer, was made a party defend-
ant with Jonas Hedman in the court below.

Upon the trial the district judge ruled out certain
testimony offered by the defendants, and directed a
verdict for the plaintiff, which rulings are assigned for
error and the cause brought to this court on petition
in error.

According to the holding of this court in *School Dis-
trict No. 2 of Merrick County v. Jacob Shoemaker*, 5 Neb.,
36, and *John A. Creighton, admr., etc., v. J. L. New-
ton et al.*, Id., 100, as well as the Ohio cases, *Ferrell
v. Humphrey*, 12 Ohio Repts., 113, and *Oaks v. Wyatt*,
10 Ohio Repts., 344 (with the correctness of which the
writer of this opinion is not entirely satisfied), it was
competent for the defendants, under the issue presented,
to prove any special matter that would amount to a
defense either in whole or in part. There was no error,
however, in the courts ruling out the appointment of
the special deputy treasurer, because it shows on its
face to be a special deputation "to collect taxes by dis-
tress due to Platte county, Nebraska, from the per-
sonal property of the estate of Lester W. Platt, de-
ceased." Testimony which had been admitted on the
part of defendants showed that the taxes referred to
were due from Platt in his lifetime, and testimony
introduced by the plaintiff and received without objec-

tion, showed that Platt was dead, sometime before the date of the paper offered. The county treasurer had no authority to distrain the property of the estate for the purpose of collecting these taxes, and of course could convey no such authority to a deputy. There being no proof before the court justifying the taking— as there could have been none—it was not error in the court to direct a finding for the plaintiff.

The assessment and collection of taxes are matters resting exclusively on statutory and constitutional reg- ulations. The statute makes taxes on real property a perpetual lien thereupon, commencing on the first day of March of the current year, etc. Gen. Stat., 917. Neither the taxes upon real or personal property are anywhere made a lien on personal property. Upon the death of the owner of personal property it immedi- ately descends to his personal representatives, to be applied by them in the manner provided by the statute as applicable to the circumstances of each case. Where the estate is solvent of course all of the debts of the deceased are required to be paid, but where it is in- solvent the law prescribes the order in which they shall be paid. In such cases, after making certain specified provisions for the widow and infant children of the deceased, the statute provides the distribution of the assets in the following order:

1.   The necessary funeral expenses.

2.   The expenses of the last sickness.

3.   Debts having a priority by the laws of the Uni- ted States.

4.   Debts due to other creditors.   [Gen. Stat., 325.]

A claim of the municipal government upon the de- ceased for delinquent taxes could only come in under the fourth class, and a county treasurer could not be permitted to disturb the order of distribution pre- scribed by statute by seizing property for the purpose

of giving the county a preference among the creditors of a deceased which the law making power has seen proper not to give.

JUDGMENT AFFIRMED.