Lininger v. Raymond.

JACOB B. LININGER, ASSIGNEE, PLAINTIFF IN ERROR, V. ISAAC M. RAYMOND AND OTHERS, DEFENDANTS IN ERROR.

1. **Assignments.** An assignment for the benefit of creditors of "all the lands, tenements, hereditaments, goods, chattels, property, and choses in action, of every name, nature, and description, wherever the same be" (except such property as is exempt by law from execution), is not void on its face.

2. ――――. A provision in an assignment that an assignee may compromise choses in action when he deems it expedient to do so, *held*, to give authority to compromise only doubtful claims.

3. ――――. A reservation in an assignment to pay over to the assignor "the rest, residue, and remainder, if any there be after paying said costs, charges, expenses, and debts as aforesaid," does not render an assignment void on its face.

4. ――――: PRACTICE. Under the statute the entire proceedings are under the supervision and control of the district court or the judge thereof, and it is the duty of the court or judge, upon proper application, to see that the assignee properly discharges the duties of his trust.

5. **Sureties on Appeal Bond:** JUDGMENT. When, on appeal from a justice of the peace or a county judge to the district court, judgment is rendered against the appellant, it may also be rendered against the surety on the *appeal* bond. But this rule does not apply to an ordinary undertaking in replevin. The third head note of *Moore v. Kepner*, 7 Neb., 291, corrected.

ERROR to the district court of Lancaster county. Tried below before POUND, J. The facts appear in the opinion.

*James E. Philpott* (*Brown, Marshall & Caldwell* with him), for plaintiff in error, cited Bump on Fraudulent Conveyances, 347, 404, 408, 409. *Evans v. Chapin*, 20 How. Pr., 289. *Dow v. Platner*, 16 N. Y., 562. Burrill on Assignments, §§ 96, 134, 228. *Strong v. Carrier*, 17 Conn., 319. *Robins v. Embry*, 1 Smedes & Marshalls' Ch., 207. *Pingree v. Comstock*, 18 Pick., 46.

*Mulford v. Shirk*, 26 Penn. State, 473. *Derby v. Weyrich*, 8 Neb., 174. *Garnor v. Frederick*, 18 Ind., 507. *Brooks v. Nichols*, 17 Mich., 38. *Smith v. Mitchell*, 12 Mich., 180. *Heckman v. Messinger*, 49 Pa. St., 465. *Bellows v. Partridge*, 19 Barb., 176. *White v. Monsarrat*, 18 B. Monroe, 809. *Price v. De Ford*, 18 Md., 489. *Watkins v. Wallace*, 19 Mich., 57. *Wilt v. Franklin*, 1 Binn., 514. *Finlay v. Dickerson*, 29 Ill., 9. *Whipple v. Pope*, 33 Ill., 334.

*Harwood & Ames*, for defendant in error.

The instrument offered in evidence as an assignment was properly excluded.

1. Because it was not recorded within the time and in the manner contemplated by statute, and is therefore void. Laws of 1877, p. 26, §§ 1 and 7. Gen. Stat., 248, § 5. *Hooker v. Hammill*, 7 Neb., 234.

2. Because it contains no description of the property assumed to be conveyed. Bump on Fraudulent Conveyances, 347, 349. *Drakeley v. DeForest*, 3 Conn., 273. *Wilt v. Franklin*, 1 Binn., 514. *Burd v. Smith*, 4 Dall., 76. *Crow v. Ruby*, 5 Mo., 484.

3. Because it contains reservations for the benefit of the debtors. *Nichols v. McEwen*, 17 N. Y., 22. *Clark v. Robbins*, 8 Kan., 574.

4. Because it confers upon the assignee authority "to compound for choses in action" (of the assignors), "taking a part for the whole, where the said party of the second part" (the assignors) "*deems it expedient to do so*," and otherwise confers unrestricted authority upon the assignee. *Hutchinson v. Lord*, 1 Wis., 286. *Haines v. Campbell*, 8 Wis., 187.

5. Because the assignment purports to be a joint conveyance by the partnership and the individuals composing it, and it therefore confuses the separate

funds which partnership and individual creditors are each respectively entitled to have applied to the satisfaction of their claims.

MAXWELL, CH. J.

On the 30th day of January, 1878, Crabtree, Travis & Co. made an assignment to the plaintiff for the benefit of creditors, the deed of assignment being recorded on the next day. On the 6th day of February, 1878, the defendants commenced an action against Crabtree, Travis & Co., and attached the property of said parties in the hands of said assignee. A few days thereafter the plaintiff instituted an action of replevin in the district court of Lancaster county, and recovered possession of the goods taken under the attachment. On the trial of the cause, the plaintiff offered in evidence the assignment from Crabtree, Travis & Co. to himself, to which the defendants objected. *First,* Because the instrument is void on its face, as it does not describe any of the property it attempts to assign, or where it is situate. *Second,* It excepts such property as is exempt from execution. *Third,* Because the assignee has the right to compromise choses in action when he deems it expedient. *Fourth,* Because there is a reservation for the benefit of the assignor. *Fifth,* Because the partnership assets are first to be applied to the payment of partnership indebtedness, and individual property to individual indebtedness, etc.

The objections were sustained and the assignment excluded, to which the plaintiff excepted. Judgment having been rendered in favor of the defendants, the plaintiff brings the cause into this court by petition in error.

Is the instrument void on its face because it fails to describe the property?

Section 1 of the act relating to voluntary assign-

ments for the benefit of creditors, approved February 19, 1877 (Laws, 1877, p. 24), provides: "that in every case in which any person shall make a voluntary assignment of his estate, real or personal, or any part thereof, to any person or persons in trust for his creditors, it shall be the duty of the assignee or assignees, within thirty days after the execution thereof, to file in the office of the clerk of the district court in the county in which the assignor shall reside, an inventory of all the estate or effects so assigned, accompanied with an affidavit of such assignees that the same is a full and complete inventory of all such estate and effects, so far as the same has come to their knowledge."

Section 2 provides that "the district court of such county, or judge thereof in vacation, shall, upon application of such assignee or assignees, appoint three disinterested and competent persons to appraise the estate and effects so assigned; and said appraisers, having first taken an oath or affirmation before some person having authority to administer oaths, to discharge their duty with fidelity, shall forthwith proceed to make an appraisement of the estate and effects assigned according to the best of their judgment, and said appraisers shall receive the same compensation as is allowed by law to appraisers of real estate taken upon execution."

Section 3 provides that "the assignee shall give bond with one or more sufficient sureties, to be approved by the clerk of the court, in double the amount of the appraised value of the estate," etc.

The grant in the assignment in this case is as follows: "Now, the said party of the first part (Crabtree, Travis & Co.), and the said James W. Crabtree, George W. Travis, and Matthew W. Crabtree, as said individuals as aforesaid, for and in consideration of the premises and of one dollar in hand to the party of the

first part paid, and the further sum of one dollar to each of the said parties—James W. and Matthew W. Crabtree and the said Travis—paid by the said party of the second part, all of the lands, tenements, hereditaments, chattels, property, and choses in action of every name, nature, and description, wherever the same be (except such property as is exempt by law from execution) ", etc.

In *Pingree v. Comstock*, 18 Pick., 46, a description in an assignment of real estate, as " all the lands, tenements, and hereditaments," was held sufficient, and in *Emerson v. Knower*, 8 Pick., 63, property was described as " quantities of leather and stock, designed for the manufacture of boots and shoes, and also of boots and shoes already made or partly made." It was held sufficient.

In *Strong v. Carrier*, 17 Conn., 319, a deed of assignment conveying all the assignor's estate, real and personal (except such as was by law exempt from execution), without any description of such estate, was held sufficient upon the ground that under the provisions of the statute two months were allowed for making an inventory after the deed was filed for record. To the same effect see also *Clarke v. Mix*, 15 Id., 152.

In *Kellogg v. Slauson*, 15 Barb., S. C., 1 Kernan, 302, property was described as " all and singular the goods and chattels, merchandize, bills, bonds, notes, book accounts, claims and demands, choses in action, books of accounts, judgments, evidences of debt, and property of every name and nature whatever." It was held that the omission of an inventory, or further specifications, was not conclusive evidence of fraud, but a circumstance to be considered by the jury.

In *Brashear v. West*, 7 Peters, 608, the objection that an assignment was in general terms, and that no schedule was annexed, did not invalidate it.

It is clear, under a statute providing for filing a schedule of the property within thirty days from the time of the assignment, that a mere failure to describe the property specifically will not render the assignment void on its face.

As to the objection that the instrument excepts property which is exempt from execution, the court has already held that partnership property is not exempt from the payment of partnership debts. *Wise v. Frey*, 7 Neb., 134. *Tills Case*, 3 Id., 262. And the parties are entitled, out of their individual property, to the exemption allowed by law. There is nothing, therefore, in this objection.

The objection that the assignee has the right to compromise choses in action when he deems it expedient to do so, is a more serious question. If by this it is meant that the assignee may compromise valuable claims for a mere trifle, or for a sum disproportionate to their value, and thus squander the estate, such power would justify a court in declaring it void. But it is obvious that the intention of this provision is simply to give the assignee authority to settle doubtful claims, and is restricted to that class alone. The assignee is required to give a bond, and may be required, at any time when the security is deemed insufficient, to give an additional bond. This bond is for the security of the creditors, and any breach of its conditions, including acts of malfeasance or misfeasance in the disposition of the estate, renders him liable thereon.

The fourth ground of objection is not well taken, as the reservation is merely to pay over to the assignors "the rest, residue, and remainder, if any there be, after paying said costs, charges, expenses, and debts as aforesaid." This the assignee would be required to do without such a provision.

The fifth ground of objection is not sustained by the record, the assignment being, after paying the costs and charges, "to distribute and pay the remainder of the proceeds to all the creditors of the said party of the first part," etc. The assignment is not void on its face, and should have been received in evidence. And this is decisive of the case. Where a debtor finds that he is unable to pay all his debts, and makes an assignment of all his property, to be applied to the payment of all his debts, in equal proportions, such an assignment being just and equitable in its nature, is entitled to the favor of courts, and will not be declared fraudulent and void on its face, unless it is clearly so. The assignor cannot make a new contract with his creditors and require them to wait six months or a year, or any other period, for payment after the debt is due. But if the delay is merely the necessary result of being unable to convert the property into money at once, it will not invalidate the instrument. The entire proceeding is under the supervision and control of the district court or the judge thereof, and it is the duty of the court, if the proper application is made, to see that the trustee discharges the duties of his trust faithfully, efficiently, and for the benefit of creditors.

Judgment seems to have been rendered on the replevin bond against the sureties thereon. Section 196 of the code of civil procedure provides that "no suit shall be instituted on an undertaking given under section 186, before an execution, issued on a judgment in favor of the defendant in the action, shall have been returned that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county."

In *Moore v. Kepner*, 7 Neb., 291, it was held that judgment might be rendered against a surety on an

*appeal* bond in .replevin, the case having been appealed from the county court of York county to the district court, where judgment was rendered against the appellant and his surety. This was proper. General Statutes, 257. But it does not apply to an ordinary replevin bond. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.