ABRAHAM RUTH, PLAINTIFF IN ERROR, v. ALFRED G. RUTH, ET AL. DEFENDANTS IN ERROR.

Pleadings: Answer: DEMURRER. The true test of the sufficiency of an answer to a petition to withstand a general demurrer, is to enquire whether it will put the plaintiff to the proof of any one of the material averments of his petition. If it will it is good against such attack, and the demurrer should be overruled.

ERROR to the district court for Madison county. Heard below before BARNES, J.

*Robertson & Campbell,* for plaintiff in error.

*Searles & Kelley,* for defendants in error.

LAKE, CH. J.

The sole question in this case is whether the facts set forth in the answer constitute a defense to the petition.

The action was brought on a written contract, the substance of which is that in consideration of the conveyance by the plaintiff and his wife, Mary Ruth, (since

deceased) to the defendants of " all their right, title and interest in and to the following goods and chattels," viz : one span of mares and harness, one wagon, plow, harrow, and corn cultivator, three cows and sixteen hogs, together with their agreement that they would, when they obtained the title to a certain quarter section of land lying in Madison county, Nebraska, "execute a deed, and convey all their right, title and interest in and to the same" to the defendants, they, the defendants, would "maintain and support" the plaintiff and his said wife, "giving them all the necessaries of life, (wearing apparel excepted,) including medical attendance in sickness," and at their death "a decent burial." This contract was executed on the 27th day of May, 1878, in Madison county, Nebraska, where all the parties to it then resided. The plaintiff alleges that he and Mary Ruth duly performed the contract on their part.

The sole breach on the part of the defendants complained of, and for which a recovery is sought, is set out in the petition in these words :　" The plaintiff has been compelled to, and did pay out certain sums of money for the maintenance of himself and Mary Ruth, and for medicines and doctor's bills, and care of and funeral expenses for the said Mary Ruth, who has died since the making of the said contract and agreement. And the said plaintiff has paid, as aforesaid, the sum of two hundred and seventy-eight and 50-100 dollars, all of which was done at the special instance and request of the said defendants."

The petition does not directly charge the defendants with any refusal to furnish the plaintiff or his wife with all reasonable care and support in accordance with the terms of the contract, and were it not for the allegation that these expenditures of money were made " at the special instance and request of the defendants" there would be nothing to indicate that they were not entirely voluntary

and unnecessary. If they were voluntary and unnecessary of course the defendants cannot be required to repay them.

For answer the defendants say: *First,* That "they deny each and every allegation contained in said petition not herein specifically admitted." The only admission is the making of the contract as alleged in the petition. This put in issue the following of the plaintiff's material averments: 1st. That he "and Mary Ruth duly performed all of the conditions contained in the said contract" * * * "upon their part." 2nd. That the alleged payments of money were made. 3rd. That the defendants requested the payments to be made. With this answer on file, the plaintiff, in order to recover, would have to introduce satisfactory evidence on all of these points. The true test of the sufficiency of an answer to a petition to withstand a general demurrer, is to ascertain whether it will put the plaintiff to the proof of any one of the material averments of his petition. If it will, it is good against such attack, and the demurrer should be overruled.

But this answer goes still further and charges specifically that the plaintiff and his wife not only have not conveyed the land in question, but that by their abandonment of it (it being a government homestead) have, forever put it out of their power to do so. Inasmuch as the answer put in issue material averments of the petition, the demurrer to it was properly overruled.

JUDGMENT AFFIRMED.