B. & M. R. R. Co. in Neb., plaintiff in error, v.
    Young Bear and Sharp Wayne, defendants
    in error.

Replevin: ANSWER. An answer in replevin containing an alle-
    gation that the property was not unlawfully detained by the
    defendant, nor was plaintiff entitled to the immediate possession
    thereof, states a defense and is not demurrable.

MOTION for rehearing of case reported in 17 Neb., 668.

REESE, J.

Plaintiff in error has filed a motion for rehearing, accom-
panied by an elaborate brief, which it is deemed proper to
notice. As stated in the original opinion, the answers of the
defendants. contain the allegations that the property " was
not unlawfully detained by him from said plaintiff, nor
was the said plaintiff entitled to the immediate possession
of the same, as claimed in said petition," etc.    To this
answer a demurrer was filed. This demurrer seeks to attack
only a part of the answer, which is designated as the second
count or part, which seeks to set up a lien under the sal-
vage act of 1883.    One of the answers referred to by the
demurrer is stated in paragraphs; the other is not.    The
one demurrer is made to both answers.    But the last par-
agraph of the demurrer is as follows : " The said answer
and counts where specified do not state facts sufficient to
show any right to said property on the part of defendants."
This must be considered as attacking the whole answer.
The language above quoted from the answer must be
treated as a denial of the allegations of the plaintiff's peti-
tion. Although in the affirmative form it is a direct traverse
of the essential allegations of the petition, viz., the unlaw-
ful detention and plaintiff's right of possession.    This was
sufficient to defeat plaintiff's recovery, without proof.    It

Western Insurance Co. v. Scheidle.

would put the plaintiff to the proof of the averments of the petition thus attacked. *Ruth v. Ruth,* 12 Neb., 594. The demurrer was properly overruled. *Lewis v. Coulter,* 10 O. S., 451. *Trustees v. Odlin,* 8 Id., 293. *Moore v. Kepner,* 7 Neb., 291. *Mansfield v. Avery, ante* p. 478.

The fact that a right under the alleged lien was not well pleaded by the answer can make no difference, as such plea was not necessary. The same defense could have been made under the denial as under the allegation of special defenses, had they been properly alleged; the plaintiff being required to recover on the strength of his own title. *Richardson v. Steele,* 9 Neb., 486. *Hedman v. Anderson,* 8 Neb., 184. *Cool v. Roche,* 15 Id., 27.

The motion for rehearing is denied.

JUDGMENT ACCORDINGLY.

The other judges concur.