<table>
<tr><td>34</td><td>535</td></tr>
<tr><td>o45</td><td>514</td></tr>
</table>

## W. J. BANGHART ET AL. V. WILLIAM LAMB.

### [FILED MAY 18, 1892.]

Appeal Bond: JUDGMENT AGAINST SURETY. Where an action upon an account is tried before a justice of the peace and appealed to the district court, and the judgment of the justice affirmed, it is the duty of the district court to render judgment against both the principal debtor and the surety on the appeal undertaking.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*E. O. Kretsinger*, for plaintiffs in error, cited: *Moore v. Kepner*, 7 Neb., 291; *Lininger v. Raymond*, 9 Id., 40; *Pratt v. Donovan*, 10 Wis., 320.

*Griggs, Rinaker & Bibb*, contra, cited: *Deroin v. Jennings*, 4 Neb., 100; *Stevenson v. Anderson*, 12 Id., 86; *Singer Mfg. Co. v. Doggett*, 16 Id., 611.

MAXWELL, CH. J.

' This action was brought by the plaintiffs against the defendant, and judgment rendered in plaintiffs' favor. The defendant then appealed the case to the district court, where the judgment of the justice was affirmed. The court, however, refused to render judgment against the surety on the appeal undertaking, and this is the error complained of.

In *Lininger v. Raymond*, 9 Neb., 40, and *Moore v. Kepner*, 7 Id., 291, it was held that when, on an appeal from a justice of the peace or county judge to the district court, judgment is entered against the appellant, it may also be rendered against the surety on the appeal bond. ' In *Moore v. Kepner* the reason is stated that by becoming surety on the appeal undertaking the surety submits to the jurisdiction of the court and is concluded by the judgment. This, we think, is a correct statement of the law, and it will be adhered to. The judgment of the district court is reversed and the cause is remanded with directions to the district court to render judgment as indicated in this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.