WALTER L. SELBY ET AL. V. P. J. McQUILLAN ET AL.

FILED JUNE 19, 1895.    No. 5672.

Judgment Against Sureties on Appeal Bond: NOTICE.
Upon the rendition of a judgment against appellant in the dis-
trict court, that court has no such jurisdiction of the person of
the surety in the appeal undertaking that it may render the
same judgment against him that it may against the appellant.
*Moore v. Kepner,* 7 Neb., 291, and *Lininger v. Raymond,* 9 Neb.,
40, distinguished, and *Banghart v. Lamb,* 34 Neb., 535, over-
ruled.

ERROR from the district court of Douglas county.   Tried
below before KEYSOR, J.

*Hall & McCulloch* and *Brown & Talbott,* for plaintiffs
in error.

*John P. Breen, contra.*

RYAN, C.

Plaintiff in error Walter L. Selby was surety on an ap-
peal bond, by virtue of which this cause was brought to
the district court of Douglas county.   The action was re-
plevin, in which John J. Wilkinson was plaintiff and P.
J. and Bridget McQuillan were defendants.   Upon a ver-
dict in the district court aforesaid there was a judgment in
favor of the McQuillans for $520.82, the value of the
property replevied.   Immediately following the recitation
of these facts in the record there was this language: " The
court finds that Walter L. Selby is surety upon the appeal
bond herein and that he is liable as such surety on said
appeal bond in the sum of $520.82 and the costs."   For
the sum last named there was thereupon rendered a per-
sonal judgment against both Wilkinson and Selby.

By the petition in error the sole question to be deter-
mined is whether or not the district court had jurisdiction

of the person of the defendant by virtue of the mere fact
that he had executed an appeal undertaking with Wilkin-
son, the appellant.    In *Moore v. Kepner*, 7 Neb., 291,
MAXWELL, J., delivering the opinion of this court, said:
"Objection is made that judgment was rendered against
Eatherly as surety, without notice.    As a rule, sureties
upon bonds and contracts are entitled to notice of the pend-
ency of an action upon such obligations, and they will not
be concluded by the judgment unless they have had an op-
portunity to defend.    But this rule has no application
where the surety has contracted with reference to one of the
parties to an action in court in the nature of the one at
bar.    In such case, by becoming surety, he submits to the
jurisdiction of the court and is concluded by judgment."
It is not at all clear from this language why the surety was
held liable.    Shortly afterward the writer of the above
quoted language, in *Lininger v. Raymond*, 9 Neb., 40,
more clearly expressed his meaning, for he said: "In
*Moore v. Kepner*, 7 Neb., 291, it was held that judgment
might be rendered against a surety on an appeal bond in
replevin, the case having been appealed from the county
court of York county to the district court, where judgment
was rendered against the appellant and his surety.    This
was proper. (General Statutes, 257.)    But it does not ap-
ply to an ordinary replevin bond."    The principle upon
which this proposition in the case of *Moore v. Kepner*, *su-
pra*, was decided was that a party, by signing an appeal
bond, submitted himself to the jurisdiction of the district
court, for such effect resulted from the statute.    Turning
to page 257, General Statutes, above referred to, we find
the section concerning appeals, which is in this language:
"Sec. 37. When judgment is affirmed, the district court
shall, on motion, render judgment against the appellant and
his sureties for the amount of the judgment below, dam-
ages, and costs, in case such damages can be ascertained by
the court without a trial."    The above section had been

37

repealed long before the filing of the opinion or the taking of the appeal in *Banghart v. Lamb*, 34 Neb., 535, but without this fact being noted this court declared the law in relation to the rendition of judgment against an appeal surety to be the same as had been recognized in *Moore v. Kepner, supra,* and *Lininger v. Raymond, supra.* When the oversight above noted was discovered, this court, upon its own motion, ordered a rehearing. The cause was settled and dismissed, so that no opportunity earlier than the present has ever been presented to correct this mistake. The statute which should have been applied in *Banghart v. Lamb, supra,* was the same as must be applied in the case at bar, and this is its language: "When an appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs, and damages recovered against the appellant." (Code, Civil Procedure, sec. 1014.) This section makes no reference to the rendition of judgment against an appeal surety, neither does it purport to make him a party to the appeal which by the undertaking which he has signed he has caused to be accomplished. The statute, as it now stands, simply declares that the judgment and costs shall be the amount for which the appeal surety is liable. It provides no special remedy for the enforcement of that liability. Because of the repeal of the section of the statute upon which was based the conclusion announced in *Moore v. Kepner* and in *Lininger v. Raymond,* those cases are no longer an authority for the rendition of a judgment against an appeal surety in an action wherein the appeal undertaking is filed. The case of *Banghart v. Lamb, supra,* having been decided under the mistaken belief that the statute was as it stood when the above two cases were decided, must be and is overruled. The judgment of the district court against Walter L. Selby was without warrant of law and is therefore

REVERSED.