## Bower *against* Tallman.

In trover to recover the value of certain rails, an award of arbitrators in a replevin brought by the same plaintiff against the same defendant for the same rails, finding for the plaintiff a portion of the rails described as lying on the ground, is a bar to the recovery of damages for the rest, although the plaintiff prove that the defendant took the rest of the rails at the same time and built them up into a fence and forbade the sheriff from taking them on the writ of replevin as being real estate, and gave security in a replevin bond for the whole, and the arbitrators found damages for the plaintiff for the rails lying on the ground only.

A former decision between the same parties cannot be collaterally questioned in another suit, although it proceeded upon a mistake of law.

The plaintiff may recover in replevin where the sheriff is prevented by the conduct of the defendant from replevying the property mentioned in the writ and delivering it to the plaintiff.

Replevin is not, in Pennsylvania, altogether a proceeding *in rem*, but against the defendant in the writ personally, with a summons to appear.

ERROR to the Common Pleas of *Lycoming* county.

This was an action of trover, brought by William Tallman and Charles Tallman against John Bower, to recover damages for 680 broad rails of the value of $54.44, alleged to be the property of the plaintiffs, and to have been converted by the defendant to his own use.

The defendant pleaded not guilty, and the following special plea:

[Bower v. Tallman.]

" That the said William and Charles ought not to have or maintain the aforesaid action thereof against him, because he says that the said William and Charles heretofore, to wit, on the 23d day of March 1840, after the finding, converting and disposing of the said rails as alleged in the declaration, and before the bringing of this suit, of May term 1840, No. 38, impleaded the said John in the Court of Common Pleas of Lycoming county in a certain action of replevin for taking 700 white pine sawed broad rails of the length of 12 feet each, at the township of Washington county aforesaid, of the value of $56, and unjustly detaining the same; and the said rails are the same identical rails in the declaration in this suit mentioned, and no other, and the said taking in the said action of replevin complained of, is the same taking, converting and disposing as complained of in this suit, and no other; and afterwards, to wit, on the 30th day of March 1840, the said William and Charles, plaintiffs in the said action of replevin, entered a rule to refer the said cause to arbitrators; and in pursuance thereof, and of the proceedings had in said cause, the same was submitted to arbitrators, who having been first duly sworn and having heard the parties, to wit, on the 28th day of April 1840, their proofs and allegations, did find an award for plaintiffs of $13.60, for 170 rails lying on the ground, and $2 damages, with costs, which costs amounted to the sum of $18.21, which said award was duly filed in the said Court of Common Pleas on the 29th April 1840, and on which said award, by the consideration of the same court, judgment was duly entered, and which said award and judgment still remain in full force and virtue without appeal, and not in the least reversed or made void; as by the record remaining in said court will more fully and at large appear: and this, he, the said John, is ready to verify," &c.

To this plea the plaintiffs replied:

" That they, the said William and Charles, by reason of anything by the said John in that plea alleged, ought not to be barred from having and maintaining their aforesaid action thereof against him the said John, because they say, that although true it is that the said William and Charles impleaded the said John in the Court of Common Pleas of Lycoming county in an action of replevin, in manner and form as set forth in the plea of the said John, for 700 white pine sawed broad rails of the length of 12 feet each, of the value of $56, 530 of which are the very identical rails for the conversion of which to his own use, by the said John, this suit is brought; and although afterwards, to wit, on the 30th day of March 1840, the said action of replevin was submitted to arbitrators, as set forth in the plea of the said John, who made an award in favour of the said William and Charles of $13.60, for 170 rails lying on the ground, and $2 damages, with costs, yet at the time of bringing the action of replevin aforesaid, and before that time, the said John had erected a post and rail fence on the

v. — 2 w *

[Bower v. Tallman.]

land of him the said John, and in doing so had used 530 of the broad rails included in the said writ of replevin, a part at the time, unknown to the said William and Charles, leaving the balance of the said 700 rails, to wit, 170, lying on the ground. That on the trial before the arbitrators aforesaid, the said John, by his counsel, objected to any evidence being received in relation to the said 530 rails so put into fence, as they had become a part of the freehold, and were not the subject of a writ of replevin, whereupon the arbitrators aforesaid sustained the objection and decided only as to the 170 which were left lying on the ground; so that the said William and Charles aver that there was no finding or adjudication by the said arbitrators, as regards the rails alleged to have been converted in this action by the said John to his own use, in manner and form as the said John hath in his said plea," &c.

The defendant rejoined, and denied that the arbitrators sustained the objection to the testimony as stated in the replication, and averred that the evidence was received by the arbitrators, and that they did hear and decide upon the evidence given in the case.

Evidence was given by the plaintiffs that the rails were cut for them and hauled for them to the defendant's lot, being the most convenient place for hauling them away. The plaintiffs took away two loads, but before they could take the rest the defendant interfered, and forbade their carter from taking them. The defendant subsequently built up a fence on his ground and put these rails in the fence. When the sheriff came with the writ of replevin, the defendant forbade him from taking the rails, saying they were real estate, and claiming a debt due to him from the plaintiffs' father. After some dispute, the defendant gave security in a replevin bond.

The defendant showed the record of a replevin suit by the present plaintiffs against him for 700 rails, and the sheriff's return that the defendant had entered security, a rule of reference and award finding $13.60 for the plaintiffs for 170 rails lying on the ground, and $10 damages and costs, and judgment thereon for debt, interest and costs $41.84.

The defendant then called a person who testified that he gave evidence before the arbitrators in the replevin suit, with regard to the whole quantity of rails now in suit: that the defendant objected to evidence about the rails in the fence, as being real estate, but the arbitrators decided to hear the whole evidence.

The plaintiffs called one of the arbitrators who testified that the arbitrators had the testimony of all the rails that were claimed. That they sustained the objection of the defendant that the rails in the fence were real estate, and did not award on them, but took into view those on the ground and damages. The damages were for the rails lying on the ground. The plaintiff contended to the

[Bower v. Tallman.]

last for the whole of the rails. The arbitrators announced their decision before making an award.

The defendant called another arbitrator in the replevin suit, who testified that evidence was received by the arbitrators of the whole amount claimed, and no decision was announced by them till it was made known by the award. They took into the award what was not in the fence. In coming to this conclusion they took into consideration all the evidence that was offered. The award was made up from the whole evidence, and no evidence offered by the plaintiffs was rejected. In the award they did not take the rails in the fence. The plaintiffs claimed to recover before the arbitrators for the whole amount of rails.

The court below (LEWIS, President) charged the jury as follows:

On the plea of not guilty the whole evidence is in favour of the plaintiffs, in its tending to show that the rails belonged to them, and were converted by the defendant to his own use; but the other plea is a special one, that in an action of replevin between the same parties for the same rails, 700 in number, the arbitrators awarded for the plaintiffs $13.60 for 170 rails lying on the ground, and $10 damages, &c. The defendant's rejoinder denies that the arbitrators sustained the objection to the testimony as stated in the replication. On this the parties are at issue. One arbitrator testifies that the objection of the defendant was sustained, and the evidence rejected, and the decision announced to the parties before the making of the award; and another arbitrator states that no decision was announced as to what would or would not be allowed, until the award was made, but that in making up the award they only took into consideration the rails not in the fence, those in the fence being objected as part of the freehold, by the defendant. All the witnesses agree that the evidence in relation to the rails in the fence was ultimately rejected by the arbitrators, who awarded, as the record and evidence show, for those rails only which were lying on the ground. It is immaterial at what stage of the cause the objection was sustained. If it was sustained at the time of making up the award, it is sufficient. Arbitrators proceed differently from the course of the court and jury. Arbitrators are both court and jury, and have the law questions in their power as well as the facts, until they make their award. The court therefore instruct the jury that the plaintiff is entitled to a verdict upon the issue submitted to them upon the replication and rejoinder.

The defendant excepted to the charge, and assigned the following errors:—

1. The court erred in charging the jury "It is immaterial at what stage of the cause the objection was sustained. If it was sustained at the time of making up the award, it is sufficient."

2. In instructing the jury, "that the plaintiff is entitled to a verdict upon the issue submitted to them upon the replication and

rejoinder," and in not instructing them, that the former recovery was a bar to this suit.

*Armstrong*, for plaintiff in error, referred to 6 *Serg. & Rawle* 57; 4 *Serg. & Rawle* 246; 8 *Watts* 355; 4 *Rawle* 273; 5 *Watts* 120; 9 *Serg. & Rawle* 567; 13 *Serg. & Rawle* 246; 6 *Watts* 373; 5 *Whart.* 501.

*Anthony*, for defendants in error.

The opinion of the Court was delivered by

KENNEDY, J.—The defendants in error brought this suit, which is trover, against the plaintiff in error in the court below, to recover the value of 680 sawed white-pine board rails, which, as the defendants in error allege, belonged to them, and were converted by the plaintiff in error to his own use. The main, and, indeed, the only question, which arose on the trial of the cause was, whether the defendants in error were precluded from maintaining this action, in consequence of their having brought a prior action of replevin for the same rails, in which they declared in the *detinet*, but failed to recover of the plaintiff in error, though he had taken the rails, and continued to detain them, because it appeared, that before the execution and service of the writ of replevin by the sheriff, the plaintiff in error had put the rails up in a post and rail-fence erected by him on his land, and thus, as he claimed, affixed them to and made them part of his real estate, so that they were no longer the subject of a writ of replevin; and the tribunal of arbitrators, appointed under the compulsory arbitration law for the trial and adjudication of the replevin, conceiving, for this reason, that the defendants in error could not recover therein anything for the rails so put up in the fence, decided against the defendants in error, but allowed them damages for other rails embraced in the suit, taken by the plaintiff in error at the same time, and detained by him, but not used by him. The plaintiff in error, when the sheriff came to execute the writ of replevin, claimed property in all the rails mentioned in it, and gave a bond with surety to the sheriff, to answer to the suit and prosecute his claim. He accordingly appeared to the writ, in which, upon trial before the arbitrators, judgment was obtained against him for the rails not put up in the fence by him. The court below, on the trial of this cause, instructed the jury, in effect, that the writ of replevin and the proceedings had upon it, were no bar to the recovery of the plaintiffs there; and this is the principal error complained of by the plaintiff in error here.

It appears to us, that the instruction given by the court to the jury in this respect, was erroneous; because, if the defendants in error showed, on the trial of the replevin, as it would seem they did, that they were the owners of the rails, and that they were

illegally taken by the plaintiff in error, they were entitled to recover damages equal to the full value of them, as also damages for their detention by him, notwithstanding he had made a fence with them on his land before the issuing or service of the writ of replevin. It is a mistake, to suppose that a recovery cannot be had by a plaintiff in replevin, if the sheriff or other officer authorized to execute the writ, be prevented from replevying the property and delivering it to the plaintiff by the conduct of the defendant, who has put it out of the power of the officer to do so, by his having eloigned or disposed of the property so as to render it either impracticable or improper. The writ of replevin is not regarded in Pennsylvania as a proceeding altogether *in rem*, but as a proceeding also against the defendant, named in the writ, personally; and under this view, as I take it, the practice invariably has been, to insert in the writ a *summons* to the defendant to appear. *Weaver* v. *Lawrence*, (1 *Dall.* 157). And for general convenience, and the greater security of the owners of personal property, from whom the possession thereof is improperly withheld, the action of replevin may be maintained by such owners in all cases. *Ibid.; Shearick* v. *Huber*, (6 *Binn.* 3); *Woods* v. *Nixon*, (*Addis.* 134); *Stoughton* v. *Rappalo*, (3 *Serg. & Rawle* 562). But even in England, where the maintenance of the action of replevin is much more restricted than in Pennsylvania, the plaintiff may recover damages from the defendant equal to the value of the property, when taken by the latter tortiously or without authority, where he has put it out of the power of the sheriff or proper officer to execute the writ by replevying and delivering the property up to the plaintiff; or where, from other causes it may have become impracticable for the officer to do so. As for instance, where the cattle are eloigned by the defendant, the plaintiff may, instead of proceeding to obtain a writ of withernam, for the purpose of taking other cattle in lieu of those eloigned, proceed in the cause, if the cattle be withheld by the defendant, and recover damages to the full value of them, as well as damages for the detention, *Wilkinson on Replevin* 20; or, if the plaintiff declare, that the defendant yet has, and detains the cattle, and the defendant appear, and afterwards makes default, the plaintiff shall have judgment to recover all in damages, as well the value of the cattle, as damages for the taking of them and the costs. *Fitz. N. B.* 69, *letter L.* So, if the lord distrain his tenant's cattle wrongfully, and afterwards the cattle return back to the tenant, yet the tenant shall have replevin against the lord for those cattle, and shall recover damages for the wrongful distraining of them. *Ibid. letter H.*

Now, admitting that the sheriff, if the plaintiff in error, who was the defendant in the replevin, had refused to give the sheriff a property bond, could not lawfully have pulled down the fence, and taken the rails thence and have delivered them to the defendants

v. — 71

in error, still, there is no more reason for saying, that the plaintiff in error should not respond to the defendants in error for the full value of the rails, in the same manner as if the plaintiff in error had eloigned them, and thus have put it out of the power of the sheriff to replevy them.    To permit the defendant in replevin, by such consent, to defeat the plaintiff in his recovery of damages to an amount sufficient to indemnify him fully, at least for his loss, would be allowing him to take advantage of his own wrong, which would be contrary to an established rule of law.    Hence, it is clear, that the defendants in error might have recovered the value of the rails, sued for here, in the action of replevin; and having submitted their claim thereto to the judgment of the arbitrators, who, though under a mistake of the law, decided against them, still, they are bound by that decision, and precluded from bringing another action to recover the value of the rails, as long as the judgment of the arbitrators remains in force and unreversed. After the arbitrators decided against them, their only remedy was to have appealed therefrom, within the time allowed by law, to the court in which the replevin had been commenced.    Having neglected to pursue this course, the award of the arbitrators is as complete a bar to their recovery in this action, as if they had been allowed the whole amount of their claim in the replevin.    The rule of law in this respect is, that it is greatly for the interest of the republic, that there should be an end to disputes, and that no one should be vexed twice for the same cause.

Judgment reversed.