## Foulk et al. v. Breakstone et al.

*Rocco C.* and *Anthony C. Falvello*, for plaintiffs.

*Thomas C. Moore* and *J. Dallas Shepherd*, for defendants.

FLANNERY, J., March 9, 1955.—Plaintiffs are the owners of a cinder processing plant valued in place at $20,000 and located on land of the Pennsylvania Power & Light Company under an arrangement whereby they are mere licensees in the real estate.

On March 23, 1954, the Luzerne County Tax Claim Bureau held a sale for the 1950-51 taxes on the building as assessed in the name of T. F. Steel Coal Co. and sold the same to defendants for a bid of $66.55.

Plaintiffs contend the alleged tax sale is void by reason of the fact they received no notice of the taxes or the proceedings for their collection, as required by law. They have been molested by defendants claiming rights in the structures which were purported to be sold and they brought a bill in equity: To enjoin further interference; to set aside and declare null and void the purported tax sale, and for other relief in the premises.

To this complaint defendants filed preliminary objections which are now before us. Reduced to their essentials they are:

1. The proceedings should be an action to quiet title under Pa. R. C. P. 1061.

2. Equity has no jurisdiction.

3. The Tax Claim Bureau of Luzerne County should be a party defendant.

The preliminary objections will be dismissed.

Rule 1061 of the Rules of Civil Procedure provides:

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action in assumpsit.

"(b) The action may be brought

"(1) to compel an adverse party to commence an action of ejectment;

"(2) where an action of ejectment will not lie, to

determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

"(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

"(4) to obtain possession of land sold at a judicial or tax sale. Adopted June 25, 1946. Effective Jan. 1, 1947."

In determining the scope of the action to quiet title the language of subdivision (b) is controlling and it will be seen from its provisions that the rule applies only to land, interests in lands and documents relating to lands. Here plaintiffs clearly have no interest in the land but merely a license to occupy it. This is purely a personal privilege and not an estate: Baldwin v. Taylor et al., 166 Pa. 507. Clearly the rule has no application.

The question of jurisdiction is somewhat more involved. The situation here is indeed an anomalous one. Between plaintiffs and the taxing authorities, the processing plant will have all the attributes of real estate and may be sold for taxes. Between the owner and defendants it is personal property.

As the matter stands, plaintiffs have possession of personal property and defendants have a document in the nature of a deed, which purports to transfer title to them.

Plaintiffs' right, use and enjoyment of the property is threatened and their license for continued occupancy of the land it occupies is imperiled. In the absence of a legal remedy, and none is pointed out, what recourse have they if not in equity?

The Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §282, articles V and VI, provides that the court shall have chancery jurisdiction so far as relates to:

"V. The prevention or restraint of the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals.

"VI. The affording specific relief, when a recovery in damages would be an inadequate remedy."

Equity was invoked under these sections of the act by a plaintiff seeking to quiet title to personal property, to wit, boilers delivered under a bailment to the lessee of a building. It appears the lessee went bankrupt and the dispute arose between the bailor, the bankrupt and his trustees, the owner of the building, parties alleged to be in collusion with him, and the mortgagee.

Defendants demurred on the theory that plaintiffs had an adequate remedy at law and the lower court sustained the demurrer. Plaintiffs appealed.

The Supreme Court reversed and held: That the rights of plaintiff in and to the chattels were prejudiced; that the common-law remedies, i.e., assumpsit, trover and replevin were either inadequate or ineffective; that equity had jurisdiction: Wetherill v. Gallagher, 211 Pa. 306.

Under the provisions of the statute and the doctrine of this authority as those provisions are interpreted, we are satisfied that equity has jurisdiction here.

We come then to the final preliminary objection, to wit, that the Tax Claim Bureau of Luzerne County has not been joined as a party to the proceedings. The objection is without merit. Whatever interest the bureau had, if any, has long since passed from it to defendants here upon the payment of their purchase price of $66.55 and the acknowledgment of the alleged deed: Collins, to use, v. London Assurance Corporation, 165 Pa. 298. And while it is true that the sale, having

been made without notice to plaintiffs, may be void as held in Hess et ux. v. Westerwick, 366 Pa. 90, this does not aid defendants here. Plaintiffs are satisfied to proceed without the bureau. They contend they can establish their case within the framework of the pleadings as established. If not, they shall fail, and defendants will prevail. If defendants desire to bring the Tax Claim Bureau on the record for any purposes of their own, then they are at liberty to do so. But as the pleadings stand they make out such a case as to shift to defendants the burden of filing a responsive answer.

We have not adverted here to the discrepancy between the value as alleged by plaintiffs, to wit, $20,000, and the purchase price paid by defendants, to wit, $66.55. No issue was raised by plaintiffs respecting this aspect of the matter so that technically it is not a decisive factor. But we have no hesitancy in saying it shocks the sensibilities of the court and combined, as it is, with jurisdictional requirements recommends the litigation to the stern conscience and wide authority of equity.

The preliminary objections are dismissed and defendants are directed to answer on the merits within 20 days from notice hereof.