1802.

# Wadsworth *v.* Woodford.

### In the Court below,

HEZEKIAH WADSWORTH, SETH WADSWORTH, LUKE WADSWORTH, EPHRAIM WEBSTER, and WILLIAM BIDWELL, *Plaintiffs ;* BISSELL WOODFORD, *Defendant.*

A plea in abatement, that *other persons* ought to have been joined as plaintiffs in the writ, should set forth particularly who those persons are, and describe them, so as to enable the plaintiff to make a better writ.

ACTION of trespass *quare clausum fregit.*

The defendant pleaded in abatement, that the plaintiffs were not the sole proprietors of the land described in the declaration ; that the whole lot consisted of 25 1-2 acres, of which the plaintiffs owned but 19 acres, 3 quarters, and 32 1-2 rods, in common with other proprietors ; and that the residue was owned by *Gideon Griswold* and his assigns, by *Elishama Porter* and his assigns, by the heirs of the wife of *John Wadsworth*, by the heirs of the wife of *Hezekiah Lee*, and by the heirs of the wife of *John Ashman*, none of whom were joined as plaintiffs in said suit.

To this plea there was a special demurrer, assigning for cause, that the defendant, in his plea, hath not described any, or either, of the heirs mentioned, nor any person, by name, or place of abode, who, the defendant says, should by law have been joined as plaintiffs in the suit.

Judgment, that the plea in abatement was sufficient.

The general error was assigned.

*Ingersoll*, for the plaintiff in error.

*Pitkin*, for the defendant.

The judgment was reversed, unanimously.

BY THE COURT. A plea in abatement ought to be with precise and strict exactness. (*a*) If the defendant plead a plea in abatement, he ought, generally, to give the plaintiff a better writ; or, in other words, he ought so to shew the mistake, or defect, that, on the face of the plea, the plaintiff may discover what will make a good writ. But, if the plea goes to the matter and substance of the writ, the defendant need not give a better writ.

If the plea on this record be considered good, it allows the defendant to shew a bad writ, and exonerates him from the obligation to give the plaintiff a better; unless the plaintiffs, in this cause, may, in their next writ, describe the co-plaintiffs in the manner, in which they are described in the plea; which we apprehend will not be allowed: Or, it imposes on the plaintiffs the necessity of conjecturing the persons, and places of abode, and of travelling over the country, as the case may be, in various directions, to enquire into what may, or may not, be the facts, relative to the *assigns*, in one class of persons, and the *heirs*, in the other. (*b*) The inconveniences, attending this mode of pleading, are great and numerous; while the rule, which requires exactness, precision, and the defendant to give a good

(*a*) *Lut.* 15. 1 *Com.* 65.

(*b*) It is a novel idea, that it is sufficient for a defendant to plead in such a manner, as to enable the plaintiff, upon *enquiry*, and *diligent industry*, to form a better writ. The objects of such enquiry and industry are to be averred as distinctly, by the pleader, in such a case, as in any other, or his plea is, as in all others, defective.

1802.

WADSWORTH
v.
WOODFORD.

writ to the plaintiff, produces no evil, and is always in the power of the defendant to regard and obey.

It may, also, be observed, that no issue could be so joined on the averments in the plea, as to help out the defects, or enable the plaintiffs to meet the evidence in their support.

Neither the nature of the case, nor the circumstances disclosed on the record, appear sufficient to constitute an exception to the general rule, that a plea of *other parceners, not joined in the suit*, must contain such a description of them, as both to enable the plaintiff to meet the allegation, and to make a better writ. And we apprehend, that our practice, in all analagous cases, would be shaken, by a contrary determination.