## Baldwin *against* Cash.

An attorney-at-law, who, in purchasing a writ for his client, is charged and pays more for it than the law allows, cannot maintain in his own name an action against the officer to recover the penalty imposed for taking illegal fees.

By the fee-bill of 1821, the prothonotary is entitled to the fee of 75 cents for a writ of replevin.

ERROR to the Common Pleas of *Bradford* county.

Ethan Baldwin against David Cash. The plaintiff being an attorney-at-law, in bringing an action of replevin for Abigail Swartout against Frederick Fisher, was charged and paid to the defendant, who was the prothonotary, $1.25 for the writ; for which he brought this suit to recover the penalty of $50 imposed for taking illegal fees. Two questions were raised: first, can the plaintiff maintain the suit in his own name, or must it be in the name of his client? Secondly, may the prothonotary charge 75 cents for the writ of replevin, in addition to the State tax of 50 cents, or is he only entitled to 50 cents?

CONYNGHAM (President) ruled both these points against the plaintiff, and directed the jury to find for the defendant.

*Baldwin*, *in propriâ personâ*, argued that a writ of replevin was essentially a summons, and to be charged for as such under the fee-bill. 1 *Dall.* 157. The right of action is always in the party injured; here it was the attorney who paid the money, and, it being an illegal charge, he could not recover it from his client, and had therefore no remedy but this action. 13 *Serg. & Rawle* 426; 3 *P. R.* 519; 17 *Serg. & Rawle* 75; 5 *Watts & Serg.* 566.

*Elwell* and *Williston*, contra. A writ of replevin is a proceeding *in rem*, and the summons which it contains is but an incident, and not the material part of the writ; it is not, therefore, to be charged as a summons. The form of a writ of summons is given by the Act of 1836, but the form of the writ of replevin remains as it was—a judicial writ technically called "replevin." But, if the fee is illegal, it clearly gave no right of action to one who in the matter was but the attorney and agent of another. Could a servant who was sent to purchase a writ upon the *præcipe* of his master, maintain the action? He cannot do one part of the work, bringing the suit, as an attorney; and the other part, paying for the writ, as a principal.

VII. — 54      2 L*

[Baldwin v. Cash.]

The opinion of the Court was delivered by

SERGEANT, J.—The question in this case is, whether a writ of replevin is to be ranked as a summons, or as another writ, in the construction of the Act relative to the fees which the prothonotary may charge and take; and we think it is more properly to be classed as the latter than the former. It is true, every writ of replevin directs the sheriff to summon the defendant in the writ, and that the writ of replevin is not regarded in Pennsylvania altogether as a proceeding *in rem*, but is a proceeding also against the defendant in the writ personally; and under this view of it, the practice has uniformly been to insert in the writ a summons to the defendant to appear; and, for the greater security and convenience of the owners of personal property from whom the possession is improperly withheld, the action of replevin may be maintained by such owners in all cases, and may proceed on the summons alone, where the property has been eloigned or improperly disposed of. *Weaver* v. *Lawrence*, (1 *Dall.* 157); *Bower* v. *Tallman*, (5 *Watts & Serg.* 561). But still it is a mixed writ, partly *in rem*, and partly *in personam*, and essentially a proceeding against the property, the summons to the defendant being accessary and subordinate, so far as respects the frame of the writ. It would not follow that a writ should be ranked properly as a summons, merely because it is returnable or contains an order to notify the defendant to appear and take defence; it might still fall within the class of another writ, as in the instance of a *scire facias*. We are therefore of opinion that the prothonotary had a right to charge the fee of 75 cents for the writ of replevin, and that there was no error in the opinion of the court below.

Judgment affirmed.