## .Hoyt v. Carson, Appellant.

*Appeals—Replevin—Judgment—Writ of inquiry.*

Where an appeal is taken from an original property judgment in replevin nearly two years after the judgment was entered, and more than a year and one-half after a rule to strike it off was discharged, the appellate court will not consider any question relating to the regularity of the judgment, but will take into consideration the regularity of a writ of inquiry and assessment of damages, if the appeal was taken within the statutory period after the orders relating to them were made.

*Replevin—Writ of inquiry—Sheriff.*

The practice of directing a writ of inquiry to the sheriff for the purpose of having damages assessed by a jury to be summoned by him, was not abrogated by the Act of May 22, 1722, sec. 27, 1 Sm. L. 131.

*Replevin—Affidavit of defense—Service—Act of July 9, 1901, P. L. 614.*

Under the Replevin Act of July 9, 1901, P. L. 614, the fact that the property was not found in the possession of the defendant, or any third person, does not relieve the defendant from the duty of filing an affidavit of defense in order to prevent judgment against him.

A sheriff's return of service of a writ of replevin is sufficient which avers that he did not find the property in the possession of the defendants, or either of them, and that he served the writ and copy of plaintiff's statement on each defendant, naming him, by handing true and attested copies of the writ and statement to an adult member of his family at his dwelling house.

A judgment in replevin as follows: "Judgment property entered November 15, 1912," will not be set aside as irregular as to form, where it appears that plaintiff was legally entitled to the judgment, and no objection to the judgment is raised, except on an appeal from orders awarding inquisition and assessing damages.

·· Argued October 28, 1914. Appeal, No. 248, October T., 1914, by defendants, from order of C. P. Clearfield Co., September T., 1912, No. 212, refusing to strike off judgment in case of E. A. Hoyt v. D. J. Carson and John Carson, trading as D. J. Carson & Son. Before RICE,

P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

Rule to strike off judgment.    Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were the following orders:

"Now March 31st, 1913, the rule to show cause why judgment in the above stated case should not be stricken off is hereby discharged at the costs of the defendants.

By the court,

ALLISON O. SMITH, P. J.

"Now March 27th, 1914, it is ordered and adjudged that so much of the prayer of the petition as asked the court to set aside the judgment by default is refused without prejudice to the defendant to hereafter raise the same question should further proceedings be had upon this record."

By the court,

SINGLETON BELL, P. J.

*A. L. Cole,* with him *H. B. Hartswick,* for appellants, cited: Smith v. Smith, 17 Dist. Rep. 380.

*W. C. Pentz,* for appellee, cited: Beattie v. Horan, 13 Pa. C. C. R. 665.

OPINION BY RICE, P. J., July 21, 1915:

On June 28, 1912, plaintiff's statement was filed and writ of replevin issued.    The substance of the sheriff's return as amended was, that he did not find the property in the possession of the defendants or either of them, and that he served the writ and copy of plaintiff's statement on each defendant, naming him, by handing true and attested copies of the writ and statement to an adult member of his family at his dwelling house.    An ap-

pearance was entered for the defendants, and in November, 1912, plaintiff by his counsel moved for judgment for the property described in the writ, for want of an affidavit of defense.   Thereupon the prothonotary made this entry in the record: "Judgment property. Entered November 15, 1912."

In January, 1913, the defendants obtained a rule to show cause why the judgment should not be struck off, which, after argument, the court, by opinion filed, discharged on March 31, 1913.   In the following month the defendants took an appeal to this court, which was regularly returnable in October, 1913, but discontinued it on October 28 of that year.

After the return of the record to the Common Pleas the defendants again petitioned the court to set aside the judgment, which, by opinion and order filed, the court refused to do.   This order was entered on March 27, 1914.   Subsequently, under objection and exception by defendants, a writ of inquiry to assess the damages was granted, which resulted in an award in favor of the plaintiff in the sum of $141.25.

On October 3, 1914, the defendants took the present appeal, and originally assigned for error, (1) the order of March 31, 1913, discharging their rule to strike off the judgment; (2) the order of March 27, 1914, refusing their petition to set aside the judgment; (3) the entering of judgment for want of an affidavit of defense.   On the argument additional assignments of error were filed, by leave of court, (4) to the order awarding a writ of inquiry, (5) to the order overruling their protest and objection against proceeding with the writ of inquiry.

It will be observed that this appeal was not taken until nearly two years after the original judgment was entered, and more than a year and a half after the rule to strike it off was discharged.   Upon the ground that it was taken too late plaintiff moved to quash.   But as the appeal was taken within the statutory period after the writ of inquiry was awarded and the damages were

assessed, the defendants are entitled at least to have the regularity and legality of that action reviewed. Therefore, the motion to quash is overruled.

No irregularity in the execution of the writ of inquiry is alleged, and the learned judge below who made the order complained of in the last two assignments of error correctly held, upon the authority of Miller v. Jackson, 38 Pa. Superior Ct. 477, that if the judgment was valid the plaintiff was entitled to this remedy. We need not discuss the propriety of that ruling.

It is argued that, as the property was not found in the possession of the defendants or any third person, the cause was to "proceed with the same effect as if a summons in trespass had been duly served," (Clause b, par. 9, sec. 1, of the Act of July 9, 1901, P. L. 614), and, as in the action of trespass no affidavit of defense is required, none was required in this case. We do not think the conclusion necessarily follows. Whether an affidavit of defense was required depends on the construction of the provisions of the Replevin Act of April 19, 1901, P. L. 88. Section 5 of that act clearly authorizes judgment in favor of the plaintiff and against the defendant for want of an affidavit of defense; and sec. 6 provides that the declaration and affidavit of defense shall constitute the issues, under which, without other pleadings, the case shall be determined by the jury. There is nothing in that act to indicate that the legislature intended to withdraw a case like the present from the requirement as to filing affidavit of defense, and a contrary intent is manifest when the provision as to the manner in which the issue shall be made up is considered. The provision of the Act of July 9 to which we have referred was evidently intended to preserve the principle which had been recognized and declared in previous decisions, that the writ of replevin is not, in Pennsylvania, altogether a proceeding in rem, but against the defendant personally, with a summons to appear. See Bower v. Tallman, 5 W. & S. 556; Baldwin

v. Cash, 7 W. & S. 425.    Thus viewed, it is not repugnant to, but entirely reconcilable with, the provision of the Act of April 19, relative to affidavits of defense.

It is further argued that the judgment was unauthorized because the service of the copy of the declaration on the defendants, as shown by the sheriff's return, was not in accordance with the provision of the Act of April 19, which reads: "The defendant or party intervening shall, within fifteen days after the filing of such declaration, file an affidavit of defense thereto, setting up the facts denying plaintiff's title and showing his own title to said goods and chattels; and in event of his failure so to do, upon proof that a copy of said declaration was served upon him or his attorney, judgment may be entered for the plaintiff and against the defendant or party intervening, which judgment shall operate to forfeit any counter bond given by him." It will be observed that the section does not prescribe the manner in which the copy shall be served; and the same is true of section 4 of the Procedure Act of May 25, 1887, P. L. 271. But we believe it to be common if not universal practice under that act, to serve the copy in the same manner as the summons, particularly where both are served at the same time. This practice is well defended by Judge ENDLICH in Collinge v. McLenegan, 19 Pa. Dist. Rep. 1033, and by Judge SMITH of the court below in the present case. By analogy, the service as shown by the sheriff's return may be sustained. Another point to be noticed is this, that the proceeding in the court below was not to open the judgment, but to strike it off, and, according to all of the authorities, this could not be done except for fatal irregularities which affirmatively appeared of record. Certainly, after such delay as has been exhibited in the present case in obtaining a review in the regular way of the regularity of the proceedings, no presumption ought to be made against the record. On the contrary, every legitimate presumption in favor of it should be made. It is worthy of notice, that the affidavit upon which the

motion to strike off was based did not clearly and distinctly allege that the defendants had not received copies of the declaration in time to file an affidavit of defense. The attack was on the sheriff's return.

Another ground upon which the objection to the award of the inquisition and the assessment of damages is based, is that there was no authority for entry of judgment for the property. This objection, when carefully considered, goes to the form of judgment, not to the right of the plaintiff to judgment, and, as we view it, the judgment is not to be declared to be wholly void because of that addition. It worked no harm and should be rejected as surplusage, rather than made the basis of overturning, in a collateral proceeding, a judgment to which the plaintiff was legally entitled.

The assignments of error are overruled and the judgment is affirmed .