# Kaufmann & Baer Company *v.* Landau.   Appeal of Potter Title & Trust Co., Admr., etc.

*Practice C. P.—Appeals—Time—Act March 5, 1925, P. L. 23.*

Certain goods alleged to be in possession of defendant were replevied by the lessor under a bailment lease. It was later discovered that the lessee was dead at the time the writ was issued. The court discharged the motion of the administrator to quash the writ, and refused a subsequent application to vacate the proceedings on the ground of defendant's death prior to the issuance of the writ. Plaintiff was allowed to petition to amend the record adding the name of the administrator as defendant. From this order the administrator appealed.

No appeal having been taken from the first order of the court refusing to quash the writ, the second application to vacate the proceeding, being based on the same state of facts and intended to produce the same result, could not be used to avoid the operation of the Act of March 5, 1925, P. L. 23, limiting the time for appeal. The provision of the statute with reference to the time in which an appeal may be taken is mandatory and its operation cannot be suspended by a new attempt to raise the same question.

*Practice. C. P.—Replevin—Death of party before issuance of writ —Act of July 9, 1901, P. L. 614, section 9; Act of April 19, 1901, P. L. 88 amended by Acts of March 19, 1923, P. L. 14 and May 3, 1923, P. L. 136; Act of June 7, 1917, P. L. 447, section 35.*

The rule of the common law that all personal actions died with the party does not apply to proceedings involving a right of property, and replevin, both at common law and under the Pennsylvania statutes, is such a proceeding. It is an action involving the right of possession of personal property in whose hands soever the property may be found. The action does not abate therefore on the death of either the plaintiff or the defendant.

Under section 35 of the Act of June 17, 1917, all personal actions which the decedent might have commenced or in which he was liable to be sued, are authorized to be prosecuted or defended by executors and administrators.

The Act of July 9, 1901, section 9, relating to the service of

writs of replevin and the amendments of March 19, 1923, and May 3, 1923, to the Act of April 19, 1901, P. L. 88, provide that personal service of a writ on defendant is not necessary as a condition precedent to judgment. This act applies notwithstanding the sheriff is unable to locate any person in possession of the property said to be replevied.

The application of an administrator, if not in effect a substitute for a plea in abatement, was a plea in bar which could only be introduced by an affidavit of defense as provided by the Act of July 9, 1901.

The Statutes of Amendment are to be liberally construed in aid of the effective administration of justice, and the mistake as to the party or the form of action will not be permitted to produce injustice where the other party is not prejudiced and where the Statute of Limitations has not established a right.

Argued April 27, 1928. Appeal No. 1536, April T., 1928, by administrator from decree of C. P., Allegheny County, No. 883, July T., 1927, in the case of Kaufmann & Baer Company, a corporation, against A. Landau. Appeal of Potter Title & Trust Company, Administrator. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Replevin for household goods held under a bailment lease. Before SWEARINGEN, DREW and GRAY, JJ.

The facts are stated in the opinion of the Superior Court.

The court discharged the motion to quash the writ and allowed plaintiff to amend the record as to the party defendant. Defendant appealed.

*Error assigned* was the order of the court.

*A. Leonard Balter,* and with him *Ben Paul Brasley,* for appellant, cited: Miller v. Warden, 111 Pa. 300; Swartz v. Stein, 78 Pa. Superior Ct. 515; Hoyt v. Carson, 60 Pa. Superior Ct. 172; Baldwin v. Cash, 7 W. & S. 425; White Company v. Fayette Automobile Company, 43 Pa. Superior Ct. 532; Markowitz v.

Ararat Dye Works, 73 Pa. Superior Ct. 129; Meitzner v. B. & O. R. R., 224 Pa. 352; Bruner v. Finley, 211 Pa. 74.

*Louis Caplan,* and with him *Max J. Spann* and *Sachs & Caplan,* for appellee, cited: Polakoff v. Marchand College, 287 Pa. 28; Barlott v. Forney, 187 Pa. 301; Solar Electric Co.'s Appeal, 290 Pa. 372; Keite v. Boyd, 16 S. & R. 300; Jennings v. Supreme Photoplay Co., 289 Pa. 240; Newman v. Globe Indemnity Co., 275 Pa. 374; Hewitt v. Democratic Publishing Co., 271 Pa. 546.

OPINION BY HENDERSON, J., July 12, 1928:

The plaintiff's action is replevin for a quantity of household goods alleged to have been in possession of the defendant under a bailment lease with respect to which the latter had made default in payment. The sheriff made return that he was unable to locate any person in possession of the property described, whereupon he posted a true and attested copy of the writ on the premises, and no counter-bond having been filed, he delivered the property described in the writ to the plaintiff, with the further return of nihil habet as to Landau, the defendant. The property was found on the premises formerly occupied by the defendant, but the fact was developed that he had died before the writ was issued. Subsequently letters of administration were issued to the Potter Title & Trust Co., on the estate of Landau. The administrator then made application to the court to quash the writ upon which application a rule to show cause was granted to which the plaintiff made answer. After hearing, the rule to quash was discharged on September 30, 1927. On November 12, 1927, the defendant made an application for an order to vacate the proceeding because the writ was issued after the death of Landau. After an answer and hearing this rule was discharged on con-

dition that the plaintiff file a petition to amend the
decree adding the name of the Potter Title & Trust
Co., administrator of A. Landau as defendant, on or
before fifteen days from the date of the order. The
appeal is from that order. The appellant is confronted
by a motion to quash the appeal on the ground that
the question is res adjudicata, no appeal having been
taken from the order of September 30, 1927 discharg-
ing the rule to quash the writ. The question raised
by the appeal relates wholly to practice, and as no
appearance was formally entered for the defendant,
the question is apparently raised under the provisions
of the Act of March 5, 1925, P. L. 23, wherein it is
provided inter alia that when in any proceeding at
law or equity a question of jurisdiction over the de-
fendant is raised in the court of first instance it shall
be preliminarily determined by the court upon the
pleadings or with depositions as the case may require.
From the decision of the court on such question an
appeal is allowed to the Supeme or Superior Court as
in cases of final judgments. Such procedure is de-
clared to be de bene esse only and does not operate as
a general appearance. The time allowed for an ap-
peal is fifteen days from the date when the decision
is rendered. It is admitted that no appeal was taken
from the first order of the court, and it cannot be
doubted that the applications of July 26, 1927 to quash
the writ, and of November 12, 1927 to vacate the pro-
ceedings were based on the same state of facts and in-
tended to produce the same result. If the court made
a mistake in disposing of the latter application there
was like error with respect to the prior petition. The
question intended to be raised in both applications was
the right to further prosecute a writ of replevin after
it was made to appear that the defendant had died
before the writ was issued. The action of the court
was responsive to the petition whether the reason for
the order was sound or not, and it was that order

which should have been appealed from. The applica-
tion could not be renewed in subsequent proceedings
and thereby avoid the operation of the Act of 1925
limiting the time for appeal: Henry's Est., 290 Pa.
537.

The provision of the statute with reference to the
time in which an appeal may be taken is mandatory
and the appellant cannot suspend its operation by a
new attempt to raise the same question: Polakoff v.
Marchand College, etc., 287 Pa. 28.

If, however, it were conceded that the appellant
could avail itself of the application to vacate the pro-
ceeding in the method proposed, the action of the court
in dismissing the petition was not erroneous. The
rule of the common law that all personal actions died
with the party does not apply to proceedings involving
a right of property, and replevin, both at common
law and under the Pennsylvania statutes, is such a
proceeding. It is an action involving the right of pos-
session of personal property in whose hands soever the
property may be found. The principal office of the
writ is to authorize the sheriff to take possession of
the described chattels. The damage which may be re-
covered as a result of the tort is incidental and often
insignificant. The action does not abate therefore on
the death of either the plaintiff or the defendant:
Keite v. Boyd, 16 S. & R. 300; Reist v. Heilbrenner, 11
S. & R. 131; Baldwin v. Cash, 7 W. & S. 425. Under
section 35 of the Act of June 7, 1917, P. L. 447, all
personal actions, (with exceptions not here relevant)
which the decedent might have commenced or in which
he was liable to be sued, are authorized to be prose-
cuted or defended by executors and administrators.
The plea at common law that the defendant was fictiti-
ous or dead at the time of issuing the writ was a plea
in abatement as was a nonjoinder or misjoinder of
parties defendant, and in such case the plaintiff was

entitled to particular information from the plea in order that he might make a better writ: Chitty on Pleading, p. 452; Wadsworth v. Woodford, 1 Day 28; Sandback v. Quigley, 8 Watts 460. If the application in question was not in effect a substitute for a plea in abatement, it was a plea in bar which could only be introduced by an affidavit of defense as provided by the Act of July 9, 1901, P. L. 614. Jennings v. Supreme Photoplay Co., 289 Pa. 240. Section 9 of the Act of July 9, 1901, P. L. 614, relating to the service of writs of replevin, and the amendments of March 19, 1923, P. L. 14 and May 3, 1923, P. L. 136, to the Act of April 19, 1901, P. L. 88, show that personal service of a writ on a defendant is not necessary as a condition precedent to judgment, and that it was the duty of the sheriff, finding any other person than the defendant in possession of the chattels, to certify the name and address of such person to the prothonotary whereupon if such person file an affidavit in the court that the chattels belong to him, he may file a counter bond or otherwise act as a defendant before the return of the writ without obtaining leave to intervene. This legislation, as well as the statute to which the amendments apply, makes it evident that the proceeding is one relating rather to possession of the property than to the liability or non-liability of the defendant personally. The sheriff made return to the writ in question that he was "unable to locate any person or persons in possession of the said within described property." The case could be proceeded with, however, under the Act of 1901, notwithstanding there was no person in possession and the defendant was not served.

The purpose of the plaintiff in instituting the action is manifest. It sought to recover property theretofore delivered on contracts in the nature of bailment leases. The only issue raised was one of title and the case was one within the purview of the Act of May 4, 1852, P. L. 574. A mistake was made with respect to the name

of the defendant; the executor or administrator of Landau would doubtless have been named, if the death of the latter had been known. The Statutes of Amendment are to be liberally construed in aid of the effective administration of justice, and the mistake as to the party or the form of action will not be permitted to produce injustice where the other party is not prejudiced and where the Statute of Limitations has not established a right. No new cause of action was introduced by the amendment allowed, nor had the statute run against the plaintiff. The situation was one therefore in which relief could be afforded, and regard for the alleged rights of the plaintiff required that it be granted: Booth v. Dorsey, 202 Pa. 381. It would be a reflection on the orderly administration of justice if such a mistake, as was unwittingly made by the plaintiff in naming the defendant, should close the door against further prosecution of an asserted right and put the litigant out of court. The order appealed from in no way affects the opportunity of the substitute defendant to maintain any right which Landau could have asserted if living, and no convincing reason is presented why the amendment excepted to should not have been made. Holding however that the first refusal of the court to quash the writ was an adjudication on the same subject involved in the present appeal, we are required to sustain the motion to quash the appeal.

The appeal is quashed at the cost of the appellant.