## Lower Merion Township v. Vila et ux.

*Parker S. Williams*, for plaintiff; *J. Harry Wagner*, for defendant.

KNIGHT, J., Dec. 10, 1928.—The plaintiff township filed a municipal lien as of the above term and number. The defendants obtained a rule to strike off the lien, and on June 25, 1928, we filed an opinion sustaining the contentions of the defendants and made the following order:

"And now, June 25, 1928, the plaintiff, Township of Lower Merion, is granted ninety days from the date hereof within which to petition the court for leave to amend the claim in the particulars mentioned in the above opinion. If such petition is presented within the said period, then this present rule shall remain open pending the disposition of the rule to amend, otherwise the present rule will be made absolute."

On Sept. 19, 1928, the township presented its petition, praying leave to amend its lien, on which we granted a rule to show cause why this leave should not be granted.

To this latter petition the defendants have filed an answer, denying the right of the defendants to amend: (1) Because the affidavit to the petition to amend is not sufficient; (2) because the application to amend was not made within six months after the completion of the work.

The second reason is without merit and was not pressed at the argument nor in the paper-book filed by counsel for the defendants.

Section 34 of the Act of May 16, 1923, P. L. 207, provides that the pleadings in municipal claim cases may be amended from time to time "by leave of court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from, or wrongfully stated in, the particulars as to which the amendment is desired."

The affidavit to the original petition to amend was made by Parker S. Williams, solicitor for the township, who swore that the facts in the petition, so far as made of his own knowledge, were true, and so far as made upon information derived from others, he believed them to be true.

On Oct. 29, 1928, the day when the case was argued, the township filed an amended petition, changing the original only by substituting an affidavit made by the vice-president of the Board of Commissioners of Lower Merion Township, which affidavit is in the same form as that of the original petition, except that it also contains the words "and expects to be able to prove all of such facts upon the trial of the case."

The defendants contend that both these affidavits are insufficient because they do not contain the positive declaration that the averments of the petition are "true in fact."

The affiant in the last petition is an officer of the plaintiff township; he swears that the averments within his own knowledge are true and those made upon the information of others he believes to be true and expects to be able to prove. We are of the opinion that this affidavit is sufficient to meet the requirements of the statute.

The statutes of amendment are to be liberally construed in aid of the effective administrative of justice: Kaufmann & Baer Co. *v.* Landau, 93 Pa. Superior Ct. 457.

Here we have as a party Lower Merion Township, a large, populous and wealthy municipal corporation, employing many servants and engaged in numerous activities incident to the public business. To require an executive officer of such a corporation to have personal knowledge of all minute details of a sewer job is unreasonable, and the law does not demand it.

The act requires that the petition set forth that the averments are true in fact, and we are of the opinion that the affidavit of an officer of the plaintiff that those averments within his own knowledge are true and those made upon the information of others he believes to be true and expects to be able to prove complies with the requirements of the statute.

The alternative suggested by counsel for the defendants is that the plaintiff attach the affidavits of those who have personal knowledge of the facts. Reduced to its logical conclusion, this would mean that the plaintiff would have to attach to its petition an affidavit from every foreman, every truck driver and perhaps every laborer who worked on the job, in addition to that of the bookkeepers who kept the accounts. Such a requirement would be unjust, unreasonable and absurd.

No case has been called to our attention, nor have we been able to find any, in which the requirements of section 34 of the Act of 1923, *supra,* as to the affidavit, have received judicial interpretation.

The claim and petition to amend same are somewhat analogous to the statement of claim under our Practice Act, and it has been held that an affidavit by an officer of a corporation that the facts set forth in the statement of claim are true to the best of his knowledge and belief, coupled with a declaration of deponent's expectation of being able to prove them at trial, is sufficient: Belmar Corp. *v.* Kennedy, 8 Northumb. Repr. 262; Dayhoff *v.* Masland, 29 Dist. R. 393.

This has also been the rule in affidavits of defense: Newbold *v.* Pennock, 154 Pa. 591.

And now, Dec. 10, 1928, the rule to show cause why the claim should not be amended is made absolute and the amendments are allowed.

From Aaron S. Swartz, Jr., Norristown, Pa.