## D. S. & H. Craig, Inc., v. Young et al.

J. D. Fackenthal, of Chidsey, Maxwell & Frack, for plaintiff.

Russell C. Mauch, for defendants.

McCLUSKEY, J., April 9, 1934.—The plaintiff, D. S. & H. Craig, Inc., on October 31, 1931, caused a writ of replevin to issue out of the Court of Common Pleas of Northampton County to no. 284, November term, 1930, for certain articles of personal property. A bond, affidavit of value, and declaration were filed. Charles E. Drumbor, one of the defendants, filed an affidavit of defense, and on April 13, 1931, he filed a counter-bond. Whether or not the goods replevied were delivered to Charles E. Drumbor by the sheriff does not appear

from the record. He, Drumbor, denies that they were. On May 15, 1933, plaintiff suffered a voluntary nonsuit. Defendant Drumbor filed a præcipe for writ of inquiry to assess damages. Plaintiff filed a petition praying for a rule to show cause why the writ of inquiry issued on the præcipe as aforesaid should not be set aside. An answer to the petition for rule was filed, and the matter came on for argument.

The question involved, as stated by the plaintiff, is: "Does the defendant in a replevin suit have the right to cause a writ of inquiry to be issued when he has retained possession of the goods by filing a counter-bond and the plaintiff has suffered a voluntary nonsuit" or, as stated by the defendant: "Where the plaintiff in an action of replevin suffers a voluntary nonsuit and thus forfeits its bond, is the defendant entitled to a writ of inquiry to assess his damages before entering suit on the bond?"

As was said before, the record does not disclose sufficient evidence to warrant the court in saying that the goods had been returned to or retained by the defendant in the replevin action. The fact is that the counter-bond was not filed for a period of 5½ months after the issuance of the writ. However, by reason of the court's disposal of the questions involved in this opinion, that matter can be determined at a later date. This leaves only one matter to be determined, and that is whether or not the defendant is entitled to a writ of inquiry for the purpose of assessing damages before bringing suit on the bond. The plaintiff in the writ of replevin contends that the writ of inquiry can be had only by the plaintiff in the action. With this we cannot agree.

The plaintiff cites definitions of the writ of inquiry from many authorities, recognized books of practice, and many cases, wherein they claim these authorities show that the writ may issue only at the instance of the plaintiff. The case of Herbert v. Walters, 1 Ld. Raym. 59, 91 Eng. Repr. 935, was a replevin suit. The plaintiff was nonsuited. ". . . And Sir Francis Winnington moved for a writ of inquiry of damages, and after debate at several days, resolved, that a writ of inquiry should be granted." In 17 C. J. 1046, it is said: "Where plaintiff is nonsuited at the trial a writ of inquiry may be awarded."

By reason of the nonsuit in the instant case, the plaintiff did not successfully maintain his suit, and therefore his bond is forfeited and the right of the defendant is established. "But the quantum of damages sustained by him is not ascertained: which is a matter that cannot be done without the intervention of a jury":3 Bl. Com. 397. Blackstone also recognizes the defendant's right to the writ of inquiry. See 3 Bl. Com. 398.

In Murphy v. Jenkins et al., 1 Denio (N. Y.) 669 (1845), it was held: "Where, in replevin, the defendant noticed the cause for trial and the plaintiff was nonsuited for not appearing when it was called at the circuit, and the defendant, being entitled to a *return*, elected to take judgment for the value of the property replevied; *held*, that such value might be assessed upon a *writ of inquiry*, there being no *trial* within the provisions of the statute, . . . at which it could be assessed."

We are of the opinion in this case that the court should not have permitted a voluntary nonsuit on the part of the plaintiff without the consent of the defendant or without having a jury assess the damages at the time the application for voluntary nonsuit was made. In Broom et al. v. Fox, 2 Yeates 530, the syllabus reads: "In replevin, where the goods are delivered to the plaintiff, court will not give him leave to discontinue; and there may be cases where the court will refuse such leave, though the possession remains with the defendant, on his claim of property."

But "the practice of directing a writ of inquiry to the sheriff for the pur-

pose of having damages assessed by a jury to be summoned by him, was not abrogated by the Act of May 22, 1722, sec. 27, 1 Sm. L. 131": Hoyt v. Carson, 60 Pa. Superior Ct. 172.

In the case of Gibbs v. Bartlett, 2 W. & S. 29, Alexander Neely, Thomas Pearsall, and Nathaniel Pearsall sued out a writ of replevin against Eli Gibbs. They entered bond to the sheriff and received the goods. Judgment was rendered for the plaintiffs in the lower court. Gibbs appealed, and the Supreme Court reversed the lower court but did not award a venire de novo. Gibbs obtained assignment of the replevin bond and brought action upon it, naming Daniel Bartlett and Jesse Woodruff, sureties on the bond, as parties defendant. Bartlett and Woodruff demurred, and the lower court sustained their demurrer. Gibbs appealed. "Error assigned. The Court should have rendered judgment upon the demurrer for the plaintiff [Gibbs]". The Supreme Court ordered: "Judgment reversed, and judgment for the plaintiff. Record remitted to the Court of Common Pleas, with direction to award a writ of inquiry to assess damages."

Here we have a clear and explicit mandate from the Supreme Court of Pennsylvania, directing a writ of inquiry for the defendant to assess damages, and there can be no doubt but that defendant in a replevin suit, in addition to other remedies, is entitled to a writ of inquiry to assess damages. The right of this writ is not restricted to the plaintiff.

And now, April 4, 1934, the rule to show cause why writ of inquiry should be set aside is discharged at the cost of the plaintiff petitioner.