ATWATER MANUFACTURING COMPANY v.
UNITED STEELWORKERS OF AMERICA, C. I. O. LOCAL 3456 ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 86133

Memorandum filed May 15, 1950.

*Stoddard, Persky, Eagan & Cobey*, of New Haven, for the Plaintiff.

*Daniel Baker*, of Bridgeport, and *Raymond J. Cannon*, Assistant Attorney General, of Hartford, for the Defendants.

ALCORN, J.    Issue has been joined on a plea in abatement attacking the court's jurisdiction for the reasons that the form of the process is improper and that the only real defendant has not been properly served.

The essential facts are not in dispute. An agreement cover-ing rates of pay, hours of work, and conditions of employment was entered into between the Atwater Manufacturing Company "and the United Steelworkers of America, C. I. O. or its successor, on behalf of Local 3456, hereinafter referred to as the Union." The United Steelworkers of America, C. I. O. and local 3456 are distinct voluntary associations, having sepa-rate groups of officers. The former's home office is outside Connecticut. James Canonico is president and Mounir Shak-kour is recording secretary of local 3456. Both men are mem-bers of the local and were also employees of the Atwater Manufacturing Company. As officers of the local they com-plained, by letter to the company, of the latter's action in dis-charging them, and expressed a desire to "submit to a grievance board the unfair discharge." Under the terms of the employ-ment contract the state board of mediation and arbitration is the designated arbitrating body. Subsequently, notice was received by the employer from the state board of mediation and arbitration that "The Union has requested" arbitration of the dispute, and defining the procedure. The employer refused to arbitrate but the board held its hearing and made a formal award. The award by its terms is predicated upon a request for arbitration by "the Union" and in particular "a request from Local 3456."

The employer made application to the court for an order vacating the award, setting forth the substance of its claims. The application was accompanied by a direction to the sheriff, in the usual form, to summon designated parties to appear at a given date and answer the application. Pursuant thereto, personal service was made on James Canonico, individually and as president of United Steelworkers of America, C. I. O. Local 3456; on Mounir Shakkour, individually and as record-ing secretary of United Steelworkers of America, C. I. O. Local 3456; on Robert A. Cronin, as secretary of the board of mediation and arbitration of the State of Connecticut; and on Edward J. Lavery "as staff representative of United Steelworkers of America, C. I. O." and "as representative of United Steel-workers of America, C. I. O. Local 3456."

All defendants except the secretary of the state board of mediation and arbitration have appeared specially to attack the jurisdiction. Concededly the individual defendants, the local, and the state board have been properly served. It is claimed, in substance, however, that the only proper method of

proceeding against them under the statute is by an application for a rule to show cause. For present purposes it is unnecessary to discuss the question as to whether or not this might be preferable procedure. The applicable statute provides only that orders vacating an award shall be made "upon the application of any party to the arbitration." General Statutes § 8161. Such application "shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct." § 8163. There is at present no rule of practice to implement the statutes. The papers served upon these defendants were, both in substance and form, "an application" to the court within the meaning of the statute. In the absence of a rule governing the procedure, the fact that notice of the application was given to the defendants by a summons rather than by a rule to show cause is not important. It met the essential purpose for which service of process is designed, namely, to insure actual notice to the defendants that the application was being made. *Clover* v. *Urban,* 108 Conn. 13, 16. It afforded the defendants full opportunity to appear and be heard and was an acceptable method of procedure. Letter of Maltbie, C. J., 16 Conn. L. J. No. 21, p. 2 (March 29, 1949).

The further claim is made that, as to the nonresident union, no proper service was made and that, because this was the only real defendant, the application is not properly in court. The argument here follows the tenuous line that this proceeding is but a continuance of the arbitration procedure rather than a "new action" but nevertheless this defendant, who was properly before the arbitration board, has not had proper service here. The return shows that the service required by statute in the case of a nonresident voluntary association doing business in this state was not made. § 7776. The undisputed reason is that the applicant was unable to ascertain that this defendant was a nonresident; or, if it was, to ascertain the particulars necessary for proper service under the statute.

An examination of the arbitration award indicates strongly at this stage of the proceedings that the real parties in interest adverse to the employer were the individual defendants and the local union who were personally served. More fundamental, however, is the proposition that a plea in abatement is not favored and should comply strictly with statutory requirements if it is to be entertained. The claimed defects of service upon the nonresident union are ones which could have been avoided

and consequently the plea should state "how the plaintiff might, or should, have brought his action in order to avoid them." § 7813. The plea fails to do this and, consequently, is insufficient. *Wadsworth* v. *Woodford,* 1 Day 28; *Beach* v. *Baldwin,* 9 Conn. 476, 479; *Mitchell* v. *Smith,* 74 Conn. 125, 126.

The plea in abatement and to the jurisdiction is overruled.